Nash, J.
 

 The plaintiff does not allege, that, from imbecility of mind, he was legally incapacitated from making a contract, but that it was so weak, as to render him an easy dupe to the artful designs of those who might be desirous to take advantage of it. He charges that James Spratt, who was his brother-in-law, availing himself of his knowledge of his weakness, procured from him a bill of sale for seven negroes, and that it was procured by persuasion and by working on his fears by threats, and that the deed for the land was obtained bv fraud, as he was induced to sign it, under the belief that it was a lease for the land. Tó support these charges, the plaintiff docs not produce any direct testimony whatever, and the bill making them is preferred in 1838, after the death of James Spratt, and after the lapse of twenty years from the execution of the deeds. But the case is equally destitute of any
 
 circumstances, to
 
 sustain the charge. The declarations of James Spratt, as proved b.y the witnesses, with the exception of those testified to by Mrs. Pettis, amount to nothing more than evidence, that the purchase money was not
 
 *174
 
 paid at the time the contract was made, and tl;e mode in which it was done. Mrs. Pettis is so discredited, that she ■would need very strong corroborating circumstances to entitle her to belief. If the witnesses to the transaction were dead, or if there were no persons present at the time, still the plaintiff
 
 mighl
 
 have entitled himself to relief, by proof of circumstances showing fraud and oppression on the part of Spratt. If he had shown that the contract was grossly against conscience or grossly unreasonable, as that the price given bore no proportion to the real value of the property conveyed, it might, with other circumstances, have authorized the interference of a Court of Equity. 1
 
 Sto. Eq.
 
 324, s. 331. But we see nothing in (lie case to justify us in declaring that such is the fact. The bill charges that the negroes were worth §3,000, the other personal property §1,000, and the land §10,000, amounting in the whole to §14,000. There is no evidence as to the value of the personal property, and, as to the value of the land, it is contradictory. One witness for the plaintiff says it is worth §5,000, and a witness for the defendant, that, on a liberal credit, it might be worth §2,500 ; but, at the time of the sale, it could have been purchased at less than §2,000, and other witnesses vary from §2,000 to §3,000. If then, there was any difference between the real value of the land, and that stated in the deed, it certainly is not of such a gross character, as to.evidence any thing like fraud and imposition. And as to the true character of the deed, we think that the fact, that the plaintiff never claimed any rent, and that, in the different settlements, which took place* it was not brought into account, is evidence, that, at that time, at least, the plaintiff did not consider himself entitled to any, and this is proof beyond all doubt, taken in connection with the delay in bringing this suit, that the 'deed is what it was intended to be.
 

 Per Curiam.
 

 Bill dismissed.