# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 13, 1926.

### WOLF CARASIK AND IDA CARASIK

### VS.

### HOWARD HERRING.

*Herman L. Cohen* and *William L. Stuckert* for the plaintiffs.

*Emory H. Niles* for the defendant.

FRANK, J.—

I shall briefly announce my conclusions.

1. I find that the defendant is correct in his contention that the plaintiffs are liable for the assessment of one hundred and two dollars ($102) for the widening of Belair road. The contract of sale is silent as to the payment of taxes, etc., but as this assessment became due and payable after the making of the contract and the entering by the plaintiffs into possession of the store and cellar portions of the property sold, the plaintiffs are liable therefor.

27 R. C. L. p. 507; 39 Cyc. 1634-1635.

2. The plaintiffs at no time abandoned the contract. They were very patient in view of the delays due to the inability of the defendant to give good title to the property. They were at all times sincerely desirous of com-

pleting the purchase. When the dispute arose as to where lay the liability for the payment of the assessment and as to the proper adjustment of current taxes, they offered to submit the controversy to arbitration or to the Court upon the case stated. The difference was only as to these matters, was due to a silence of the contract thereto, and in no way involved or effected the existence or validity of the contract.

Harper vs. Battle, 180 N. C. 375; 20 A. L. R. 357; Armstrong vs. Ross, 61 W. Va. 38, 48; Hoggson vs. First National Bank; 231 Fed. Rep. 869, 873; 39 Cyc. 1371, 1372; 13 C. J. Sec. 661, p. 613.

I hold consequently that the plaintiffs are entitled to specific performance of the contract.

3. Adjustments should be made on the following basis:

(a) Plaintiffs must take the property subject to the lien of one hundred and two dollars ($102), as aforesaid.

(b) Plaintiffs are liable for a fair rental of the store and cellar of the premises for the time during which they were in occupancy thereof.

(c) The defendant should be charged with all taxes, water rent, etc., to the time of actual transfer thereof.

4. Plaintiffs were wrongfully dispossessed by the defendant.

5. No adequate basis for the allowance of damages was disclosed by the testimony. Indeed, of the shortness of the time during which they conducted the business it may not be possible for them to show a loss of profits. As this case must be referred to an auditor to state an account, I shall not now finally pass on this question, but both parties will have an opportunity to present their testimony and views to the auditor.

6. The auditor also should take testimony and report his findings as to a proper basis of adjustment between the parties with respect to the stock of merchandise, cash, book accounts, etc., in view of the facts that plaintiffs conducted the business until their dispossession by the plaintiff and the defendant had apparently since carried on the same.

I shall sign a decree in accordance herewith.