## LEACH v. WEIL.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. FRAUDS, STATUTE OF (§ 113*)—MEMORANDUM—SUFFICIENCY.
    The memorandum required by the statute of frauds must contain all the terms of the contract and cannot be eked out by oral proof.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 240; Dec. Dig. § 113.*]

2. FRAUDS, STATUTE OF (§ 113*)—MEMORANDUM—ELEMENTS OF ORAL CONTRACT.
    A letter, subsequent to an oral contract to purchase back corporate stock at an advanced price, relied on to take the contract out of the statute of frauds, is an insufficient memorandum, where it omits to state the amount of the stock to be bought back and the time of performance, both of which essentials were a part of the oral contract.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 240, 241; Dec. Dig. § 113.*]

3. CORPORATIONS (§ 116*)—SALE OF STOCK—AGREEMENT TO REPURCHASE—REQUISITES.
    A promoter orally agreed to repurchase about 1,600 shares of corporate stock sold, at an advanced price, within a year. After the purchaser bought about 1,100 shares, the promoter by letter confirmed his promise to buy the shares back and requested the purchaser to buy 500 shares more. The letter was insufficient to take the oral contract out of the statute of frauds by omitting the time of performance and the amount of stock to be repurchased. Held, that it could not be contended that the letter evidenced

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a new contract as to the subsequent purchase of the 500 shares, as the letter contained no new promise.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 116.*]

Appeal from Trial Term, Richmond County.

Action by Adele W. Leach against Henry G. Weil to recover purchase price of stock. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Benjamin N. Cardozo (George M. Pinney, Jr., on the brief), for appellant.

Albert A. Wray (Parker K. Deane, on the brief), for respondent.

MILLER, J. This is a suit to recover the agreed purchase price of 1,600 shares of stock. The defendant denies making the contract and pleads the statute of frauds. It is not disputed that the contract was one for the sale of property within the statute of frauds, and the first question to be determined on this appeal is whether the writing relied upon by the plaintiff is sufficient to satisfy the requirements of the statute.

The defendant was the vice president and a promoter of the Baldomero Mining Company, which was supposed to own a silver mine in Mexico. The plaintiff was in the habit of speculating in stocks and had accounts with two well-known stock exchange firms in the name of a friend, who made purchases for her. She testified that the defendant requested her to buy on the curb from 1,500 to 2,000 shares of the stock of said company for the purpose of aiding him, by the standing of her brokers and by the direct effect of her purchases, to make a market for said stock, and that to induce her to make said purchases he promised to buy the stock of her within a year at $18 per share. She bought 1,600 shares at prices ranging from $3¾ to $5⅛ a share. The said contract was not in writing, and no memorandum of it, signed by the defendant, was produced on the trial; but, to meet the requirements of the statute, the plaintiff gave oral evidence of a letter, which, she says, the defendant wrote her after she had purchased 1,100 shares. That letter, as testified to by her, is as follows:

"My Dear Mrs. Leach: I have investigated the affair—the Forrest matter with H. & S.—and I find it to be utterly false. I am sorry the matter has disturbed you so. I would advise you not to watch the fluctuations of the stock. When I said I would give you 18 for all the stock you have or may buy, that is a contract which I expect to keep. Buy in the morning 500 at 3¾ and report to me. If you see Mr. Eager send him to me.

"Sincerely yours,　　　　　　　　　　　　　　　　H. G. Weil."

The plaintiff's husband testified to substantially the same letter, except that he substituted the word "Baldomero" for the word "stock." The plaintiff says that said letter was written because of a conversation between her and the defendant, in which she had refused to buy any more stock unless he would give her some guaranty that she would not lose her money; and yet her theory now is that the defendant had theretofore guaranteed her a profit of nearly 300 per cent. But per-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

haps she did not trust the defendant's word. If not, it is strange that · she was not more careful to preserve a document upon which she relied to get $28,800. But we are to deal first with the question of law.

It is unnecessary to cite authority for the familiar and well-settled rule that the note or memorandum required by the statute of frauds must contain all of the terms of the contract and cannot be eked out by oral proof; but this letter omits two essential terms of the contract, testified to by the plaintiff herself, to wit, the amount of stock and the time of performance, for, notwithstanding that the argument is now made to the contrary, the testimony of both the plaintiff and her husband establishes that those two terms were agreed upon when the contract was first made, if it ever was made. Both testify that the defendant requested the plaintiff to buy from 1,500 to 2,000 shares. Obviously, then, the defendant's agreement was to purchase from her that amount, not any quantity which she might see fit to buy even up to the entire capitalization of the company. Both testify that, before any purchase was made, the defendant said he would take the stock at $18 within a year, and the complaint alleges that the defendant agreed to buy said stock on or before December 1, 1905. The letter itself tends to evidence an agreement to buy within a reasonable time, no time being stated, all of the stock which the plaintiff might purchase; but no such contract was ever made, and the writing fails to embody the essential terms of the contract which was made. It does not suffice that the writing evidence a contract. It must embody the terms of the contract actually made. The writing relied upon in this case does not embody all of the terms of the contract actually made. Hence such contract was void for not being evidenced as the statute requires.

The respondent argues that a new contract resulted from the letter and the purchase of 500 shares by the plaintiff thereafter, but the letter contains no new promise. It purports merely to contain an assurance of the defendant's intention to keep a promise theretofore made. The plaintiff herself has proven what that promise was.

The judgment must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.