HENRY MANDEL, Appellant, Respondent, *v.* GUARDIAN HOLDING COMPANY, INC., Respondent, Impleaded with NATIONAL ASSOCIATION BUILDING CORPORATION, Respondent, Appellant.

First Department, April 21, 1922.

Statute of Frauds — vendor and purchaser — so-called option agreement in writing to purchase real estate, incomplete of itself, void under Statute of Frauds — complaint based thereon properly dismissed — parol evidence not admissible to supplement writing insufficient under Statute of Frauds — contracts — agreement no agreement at all where any part is left to future negotiations — equity — vague and indefinite agreement not enforcible in equity.

A complaint in an action based on a so-called option agreement in writing to purchase real estate was properly dismissed and an amended complaint will not be allowed, where it appears that the option is so indefinite and incomplete that additions thereto must be drawn from proof of conversations between the parties in order to establish the agreement alleged in the complaint, and that it contains a clause which expresses a clear understanding of the parties that the drawing of a formal contract later, embodying terms acceptable to the defendant, was contemplated, as such a writing is void under the Statute of Frauds and, moreover, is lacking in the essentials of a complete agreement.

Parol evidence may not be received to supplement a writing, which in itself is insufficient to satisfy the Statute of Frauds.

Where any part of a so-called agreement is left to future negotiations it is not an agreement at all, and will not be enforced by the courts.

Equity will not enforce a written agreement that is vague and indefinite and which requires resort to parol evidence to make it definite.

APPEAL by the plaintiff, Henry Mandel, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of July, 1921, as grants defendants' motion for judgment on the pleadings and for judgment dismissing the amended and supplemental complaint.

Appeal by the defendant, National Association Building Corporation, from so much of the aforementioned order as grants leave to the plaintiff to serve an amended complaint.

*Eisman, Lee, Corn & Lewine* [*Edward E. McCall* of counsel; *Francis M. Scott, Joseph J. Corn* and *Louis Franklin Lee* with him on the brief], for the plaintiff.

*Robert E. McLear* of counsel, for the defendant Guardian Holding Company, Inc.

*Aronson & Salant* [*Louis Salant* of counsel; *Joseph J. Cunningham* with him on the brief], for the defendant National Association Building Corporation.

First Department, April, 1922.    [Vol. 200

GREENBAUM, J.:

The controversy involves the interpretation of a letter dated November 18, 1919, written by the defendant Guardian Holding Company, Inc., in which the latter gave the plaintiff an " option to purchase the premises situate at 471-3 Fifth Ave. and 4-6 East 41st Street, New York City, for a period of sixty days " for the consideration of $1,200,000 to be paid upon the following terms and conditions: " (1) That the purchaser will pay us in cash at the time of closing not less than $200,000 on said purchase price; " (2) that " such purchaser as a part of the purchase price will assume and agree to pay the mortgage now on said premises, amounting to $600,000 at 5½% held by the Farmers' Loan & Trust Company, due November 27th, 1920; " (3) " that the balance remaining on said purchase price, to wit, $400,000 shall be secured by a second mortgage covering said premises, together with all other adjoining property, upon which a new office building is to be erected; " (4) that " such second mortgage shall be subject to a first mortgage covering said premises which first mortgage shall not exceed 66⅔% of the value thereof; " (5) that " the said second mortgage shall be in the usual statutory form and contain a clause for the payment of $20,000 and interest at 6% to us every six months and the usual taxes, interest and assessment clauses " and " that the amortization of second mortgage at the rate of $40,000 annually, payable in semi-annual installments over a period of ten years will commence one year after completion of *proposed building*, but interest on principal will run from date purchaser takes title and said interest will be paid semi-annually at the rate of six percent." The letter concludes as follows:

" (*6*) In the event that this option is exercised, and contract made, *upon such terms as are acceptable to us*, that the purchaser pays down on contract on account of purchase price a sum of $25,000, on which sum we agree to pay interest at the rate of 4% annually until title is passed. Title to be taken and passed on or about March 1st, 1920, if option to purchase is exercised. It is distinctly understood and agreed that this company is not to be liable for the payment of any commissions or charges of any nature, unless title is passed and the sale is actually consummated.'

" (signed)    GUARDIAN HOLDING CO., INC.

" By ROBERT H. STAFFORD,
" *Vice-President.*"

(Italics ours.)

At the foot of the letter we find the following unsigned clause: " I hereby agree to all the foregoing terms and conditions so far as my rights to commission or compensation for services are concerned."

The question is whether the foregoing option, if accepted within the time provided, is so complete in its terms and conditions as to constitute an enforcible agreement on the part of the plaintiff.

A demurrer to the original complaint was sustained upon the ground that it was not sufficiently definite and certain to enable the court to find that the option in itself contained all the essential elements of an agreement for the purchase and sale of the property. Subsequently a motion made in behalf of defendant for a bill of particulars was granted, and an amended and supplementary complaint was served. The bill of particulars alleges that the offer referred to in the complaint was partly written and partly oral; that in so far as it was written it is set forth in the aforementioned letter of November 18, 1919; and that in so far as it was oral it consisted of various conversations had with certain named representatives of defendant Guardian Holding Company, Inc., held at the Hotel Biltmore, Hotel Commodore, 50 East Forty-second street, and 570 Fifth avenue, and also over the telephone.

The salient differences between the original complaint and the amended and supplemental complaint are that the latter contains a great many provisions which are not mentioned in the written option. Reading the pleading in the light of the bill of particulars, it must be assumed that all the matters therein alleged which are not embodied in the written option are based upon oral agreements made between the parties.

One of the defenses is the Statute of Frauds. It thus devolves upon us to determine whether or not the option is void under the statute. If the actual agreement between the parties was as alleged in the amended and supplemental complaint and in the bill of particulars, then, since many of the alleged provisions of the agreement are not expressed in the written option, it should follow that the option as written does not contain the full agreement of the parties, and hence that it comes within the inhibitions of the Statute of Frauds. (See Real Prop. Law, §§ 242, 259.)

In *Poel* v. *Brunswick-Balke-Collender Co.* (216 N. Y. 310) the Court of Appeals says (at p. 314): " In order to satisfy the requirements of the Statute of Frauds the written note or memorandum must include all the terms of the completed contract which the parties made. It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made. If, instead of proving the existence of that contract, it establishes that there was in fact no contract, or evidenced a contract in terms

49

and conditions different from that which the parties entered into, it fails to comply with the statute. (*Juilliard* v. *Trokie*, 139 App. Div. 530; affd., 203 N. Y. 604; *Leach* v. *Weil*, 129 App. Div. 688; *Davis* v. *Shields*, 26 Wend. 341; *Wright* v. *Weeks*, 25 N. Y. 153.) "

It is well settled that parol evidence may not be received to supplement a writing, which in itself is insufficient to satisfy the Statute of Frauds.

In *Wright* v. *Weeks* (25 N. Y. 153) the writing signed by the defendant mentioned the purchase price as $6,500 " upon the terms as specified." The court held that there was no complete memorandum between the parties, and that parol evidence was not admissible to show what the parties meant by the expression " upon the terms as specified; " and the court further stated that, " if any of the material terms of the bargain could be left out of the writing and be supplied by parol, the greater part of the mischief intended to be guarded against would remain." Further on the court construing the Revised Statutes (2 R. S. 135, §§ 8, 9; R. S. pt. 2, chap. 7, tit. 1, §§ 8, 9) said: " The statute was passed to prevent fraud and perjury, in the establishment of fictitious or misrepresented contracts; and its object can only be effected by requiring not only the fact that such contract was made to be evidenced by writing, but that the contract itself, the entire agreement with all its terms and conditions, shall be in writing."

In *Drake* v. *Seaman* (97 N. Y. 230), after reviewing prior cases which treated of this subject, Judge FINCH said (at pp. 234, 235): " But whatever else may be said of the amendment of 1863,* we are quite sure that it cannot be understood to destroy and annul the requirement that the note or memorandum must contain all the substantial and material terms of the contract between the parties. It must show on its face what the whole agreement is so far as the same is executory, and remains to be performed, and rests upon unfulfilled promise. * * * ' All the essential parts of the contract must be evidenced by the writing.' "

Of course, if there be any expressions in the option agreement, the meaning of which may be technical, but well understood by those familiar with such terms, evidence will be permitted to explain their meaning. Thus, too, evidence of an existing fact would be permissible, where there is a reference thereto in the agreement, provided that such fact can be indubitably established.

As before observed, the complaint contains many allegations which find no support in the written option. Thus in paragraph " 4 " of the complaint the pleader alleges among the terms

* See Laws of 1863, chap. 464, amdg. R. S. pt. 2, chap. 7, tit. 2, § 2; 2 R. S. 135, § 2.— [REP.

and conditions of the option that the plaintiff was to execute and deliver " simultaneously with the delivery of said deed, a purchase-money mortgage covering said premises and such adjoining property, *if any* as is hereinafter referred to; " that " said mortgage was to provide for and to be *conditioned upon the demolition by plaintiff, within a reasonable time after the delivery of said mortgage, of the then existing buildings on the premises described in paragraph 2 hereof and also on such adjoining property, if any,* as is hereinafter referred to. Said mortgage was also *to provide for and be conditioned on the erection and completion by plaintiff, within a reasonable time after the delivery thereof, of a new office building on said premises described in paragraph 2 hereof and on such additional property, if any,* immediately adjoining said premises, as plaintiff might acquire *simultaneously with or before acquiring title to the premises described in paragraph 2 hereof.* Said mortgage was further to provide for and be *conditioned on the reasonable suitability and appropriateness of said office building for the site on which the same was to be erected and for the neighborhood in which said premises were located.*"

One looks in vain at the written option to find any justification for such allegations as we have italicized. The option agreement plainly states that the $400,000 shall be secured by a second mortgage " covering said premises [*i. e.,* premises which were the subject of the sale] together *with all other* adjoining property upon which a new office building *is to be* erected." There is no mention made in the option indicating that *if* the building should be erected the mortgage should cover these additional premises, but otherwise not. The option indicates that it was understood that a new building was to be erected. But, even if there was room for difference of opinion as to the construction of this language, parol evidence would not be permitted in a case like this to show what the parties intended. It may also be asked, suppose no office building was to be erected, either because the plaintiff failed to acquire any adjoining property or because he changed his mind as to erecting any office building, what property was the second mortgage then *to* cover? It is quite evident from a reading of the entire paper that the parties never intended that the second mortgage was only *to* cover the premises which were the subject of the sale in the event that no new building was to be erected. Moreover, the option refers to the amortization of the second mortgage at the rate of $40,000 annually to begin within one year after the completion of the proposed building. But, if there be no new building, when is amortization to begin? We are left in the realm of conjecture, doubt, uncertainty and confusion. It

may also be pertinently asked, assuming that the plaintiff did acquire adjoining property, was the second mortgage, so far as such additional property is concerned, to be subject to a first mortgage, and, if so, to how large a mortgage was it to be subject?

But, aside from the foregoing criticisms, the sixth paragraph of the option shows that the parties had not agreed upon all the terms and conditions upon which a sale would be made. It reads: " In the event that this option is exercised, and *contract made, upon such terms as are acceptable to us,*" etc. (Italics ours.) Here we have a clearly expressed understanding of the parties that there was to be not only a formal contract, but one that would embody terms which would be *acceptable to the defendant.*

It is well settled that, where any part of an agreement is left to future negotiation, it is not an agreement at all, and will not be enforced. (*Spielvogel* v. *Veit,* 197 App. Div. 804; *Brown* v. *N. Y. C. R. R. Co.,* 44 N. Y. 79; *Mayer* v. *McCreery,* 119 id. 434.) In *Petze* v. *Morse Dry Dock & Repair Co.* (125 App. Div. 267; affd., 195 N. Y. 584), MILLER, J., writing for the court, said (at p. 270): " There is no contract so long as any essential element is open to negotiation. Hence the good faith of the parties in conducting the negotiations is immaterial." In that case there was evidence of bad faith, but the court, nevertheless, held that there was nothing upon which a decree of specific performance could be based, and hence the question of good or bad faith had nothing to do with the matter. Equity will not enforce an agreement that is vague and indefinite and which requires resort to parol evidence. (*United Press* v. *New York Press Co.,* 164 N. Y. 406.) It would serve no useful purpose to cite other cases to the same effect. We are of opinion that it would be futile to permit a further amendment, since it is difficult to understand how the complaint could be amended to overcome the objections indicated.

The order granting the motion of the defendant National Association Building Corporation should, therefore, be modified so as to provide that the complaint be dismissed as to said defendant, with ten dollars costs, and without leave to plaintiff to amend; and as so modified affirmed, with ten dollars costs and disbursements of this appeal to said defendant. The order granting the motion of the defendant Guardian Holding Company, Inc., so far as appealed from by plaintiff should be affirmed, with ten dollars costs and disbursements to said defendant.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order granting motion of National Association Building Corporation modified as directed in opinion and as so modified affirmed,

with ten dollars costs and disbursements to said defendant.    Order granting motion of Guardian Holding Co., Inc., so far as appealed from affirmed, with ten dollars costs and disbursements to said defendant.