THE BERMAN STORES CO., INC., Appellant, *v.* ABRAHAM HIRSH and Others, Respondents.

First Department, April 4, 1924.

**Sales — action to recover for failure to deliver — defense of Statute of Frauds (Personal Property Law, § 85) — memorandum is insufficient which does not include agreed time for delivery — last clause of Personal Property Law, § 85, subd. 2, not applicable in favor of buyer.**

In an action by a buyer to recover for the failure of the seller to deliver goods recovery cannot be had where the bill of sale executed by the parties fails to state the time for delivery, which time was agreed on by the parties, since the writing does not contain all the terms of the contract actually made and does not, therefore, satisfy the Statute of Frauds (Pers. Prop. Law, § 85).

The last clause of subdivision 2 of section 85 of the Personal Property Law which provides that if the goods purchased are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business the provisions of said section shall not apply, is for the protection of the seller and is applicable only where the seller is seeking to enforce his contract and not to a case where the buyer is suing for damages for failure to deliver.

APPEAL by the plaintiff, The Berman Stores Co., Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 18th day of October, 1922, upon the dismissal of the complaint at the close of the plaintiff's case.

*Louis B. Boudin,* for the appellant.

*Harold R. Medina* [*I. Gainsburg* with him on the brief], for the respondents.

SMITH, J.:

The action was brought to recover for failure to deliver certain goods. A bill of sale was presented which failed to state the time of delivery. The Statute of Frauds was pleaded. In *Leach* v. *Weil* (129 App. Div. 688) it seems to be held that, where no time is agreed upon, a reasonable time will be implied. But where time was agreed upon for delivery, that time must be inserted in the writing in order to make a contract valid under the Statute of Frauds. Mr. Justice MILLER, writing for the court, says: " But no such contract was ever made, and the writing fails to embody the essential terms of the contract which was made. It does not suffice that the writing evidence *a* contract; it must embody the terms of *the* contract actually made. The writing relied upon in this case does not embody all of the terms of *the* contract actually made, hence such contract was void for not being evidenced as the statute requires."

It seems to have been agreed upon that deliveries were to be made between the first of August and the middle of September, and that that was not included in the contract. In *Juilliard* v. *Trokie* (139 App. Div. 530; affd., 203 N. Y. 604) Mr. Justice McLAUGH-LIN, in referring to the above case, says: " This statement is quite applicable to the present case. The only writing signed by the defendants, admitting that it evidences *a* contract, does not show what were the terms of *the* contract upon which this action was brought." (See, also, Williston on Sales, § 104.)

By section 85 of the Personal Property Law (as added by Laws of 1911, chap. 571), which is also known as the Statute of Frauds of the Sales of Goods Act, it is provided in subdivision 1 that a contract to sell or a sale of goods or choses in action of the value of fifty dollars or upwards shall not be enforcible by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf. Subdivision 2 of that section reads as follows: " The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite

First Department, April, 1924. [Vol. 208

for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply."

The goods here in question consisted of clothing or wearing apparel. The clothing was not made at the time that the contract was made, and the future delivery contemplated the making up of the wearing apparel before the time for delivery. The complaint does not allege whether or not said goods were suitable for sale. But this last clause of the subdivision of the statute, as I read it, is for the protection of the seller, and is applicable only where the seller is seeking to enforce his contract and not to those cases where the buyer is seeking damages for failure to deliver the goods, and under subdivision 2 of section 85 of the Personal Property Law, known as the Statute of Frauds, applies, although the goods may not at the time of the making of the contract or sale be actually made, procured or provided, or fit or ready for delivery.

The contract, therefore, cannot be enforced, because a proper memorandum thereof stating all the terms of the contract was not signed by the seller.

The judgment should be affirmed, with costs.

DOWLING, MERRELL, FINCH and McAVOY, JJ., concur.

Judgment affirmed, with costs.