JESSIE E. BERNAT, Respondent, v. WEST SEVENTY-THIRD STREET CORPORATION, Appellant.

First Department, May 29, 1930.

*Gerald B. Rosenheim* of counsel [*Sidney L. Zuckert,* attorney], for the appellant.

*Jacob Rassner,* for the respondent.

McAvoy, J.   Plaintiff brought an action for specific performance to compel the defendant to lease certain premises known as 272 West Seventy-third street, New York.   The parties had made a written agreement, termed a " limited lease agreement," which was dated December 28, 1929.   This paper sets forth the receipt of $100 from plaintiff to be applied as part payment on a lease of premises described as 272 West Seventy-second street (which is the street below that in which the property sought to be leased is actually situated).   The paper further states that the period of the leasing is to be five years from January 10, 1930; that the annual rental is fixed at $4,500 per year, with option of one five-year renewal at the same rental.   The lease is to contain a cancellation clause for a specified amount to be later determined.   Then the paper contains this clause: " which together with other minor details must be mutually agreed upon by the parties hereto on or before January 10, 1930, or the return of the deposit is hereby authorized, making this contract void."

Plaintiff contends in her complaint that this agreement is complete and definite in every material and substantive fact and should be enforced.   The defendant answered by setting up the Statute of Frauds in four defenses, which, generally, are to the effect that the agreement, having to do with the sale and lease of real property, is required to be in writing, subscribed by the lessor or grantor, and that the interest to be conveyed in such real property as asserted in the complaint was not so granted in writing or so subscribed. The answer also sets out the memorandum agreement which defendant admits was made.

A reply was ordered to these defenses which admits that the only writing between the parties is contained in the so-called " limited lease agreement."

It was urged below, and now on appeal here by the defendant that the written agreement is conditional, incomplete, indefinite and not, therefore, sufficient to satisfy the statutory requirement for a subscribed note or memorandum relating to the sale or lease of real property, and, in consequence, unenforcible; that the complaint is insufficient as a pleading in that it does not set forth performance on the part of the plaintiff of the conditions of her agree-

ment, either in the statutory form or by alleging the precise performance of the specific conditions.

We think that by reason of the provisions of the agreement with respect to the cancellation clause to be included in the proposed formal lease, which leaves the amount to be paid therefor to be later determined, and which provides that other minor details must be mutually agreed upon by the parties before the day fixed for closing the formal lease, " or the return of the deposit is hereby authorized, making this contract void," that this instrument is merely an incomplete, conditional agreement, not intended as a final agreement or lease, but merely a memorandum of some of the terms which are later to be included in a formal lease which the parties expressly agreed to execute. In fact, they set out that the deposit paid at the time of making this memorandum is to be turned over to the lessor as part payment of the amount due only " when a full and complete agreement is arrived at according to this agreement."

In plaintiff's bill of particulars, which was a part of the papers used on the motion, it is set forth that the "minor details" referred to in the complaint, as left for further agreement, under the memorandum herein, were, in substance, " the time and manner of taking possession, paying the rent, paying the taxes, making repairs and alterations, collecting the rents and exercising the option of purchase as well as the consideration to be paid to the plaintiff by the defendant corporation for the plaintiff making repairs which defendant corporation was obligated to make." This left several material elements and substantive terms for future negotiations or settlement, and thus did not satisfy the statutory requirements of a writing containing the complete agreement between the plaintiff and defendant. The very fact that their memorandum states that a final contract is thereafter to be made, and the nature of the memorandum itself preclude the inference that there were not details yet unsettled. Obviously, many other matters were left open for the formal writing, and nothing more is exhibited here, as the admissions of the pleadings show, than an incomplete, conditional agreement.

It has been ruled that if a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds (Real Prop. Law, § 259). The memorandum, to satisfy the statute, must contain the terms of a concluded contract. It is not enough that the agreement is a note or memorandum in writing where any part of the intended contract, *i. e.*, the contract which the paper sued on purports to memorialize, is left to future negotiations. *A fortiori*, when the entire arrangement is still in the condition of negotiation, so that

one party may withdraw, and where any term of the contract is left for future settlement, and where only certain matters have been agreed upon as preliminaries, there can be no escape from the defense that the statute makes such a memorandum unenforcible.

This contract omits to prescribe the price to be paid by the lessee if she shall exercise her option to purchase the premises, or to fix the price to be paid by the lessor if it shall exercise its right to cancel the lease. These, being substantive terms, indicate that this writing was only intended to be conditional, tentative and preliminary.

We conclude, therefore, that the memorandum is unenforcible, and not the basis of a complaint for specific performance to compel the execution of the contract, and that, accordingly, judgment on the pleadings in favor of the defendant should have been granted, and the complaint dismissed.

The order denying the motion should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.