BERT S. ZIMMER, Respondent, *v.* JOSEPH DIAMOND, Appellant.

Third Department, December 29, 1944.

*Ernest Abdella,* attorney for appellant.

*Harry F. Dunkel,* attorney for respondent.

HEFFERNAN, J. Respondent brought this action against appellant in the City Court of Gloversville to recover rent alleged to be due for the months of July, August and September, 1942, under a lease executed by the parties on May 2, 1941, to commence on the first day of June, 1941, and to expire three years thereafter, with the privilege to renew the same for three additional years. The lease contained no provision as to the rights, duties or obligations of the parties in the event of destruction of or damages to the premises by fire or other causes.

The premises, part of a business block, were leased for use as an auto accessories store and consisted of two rooms, one in front and one in the rear. The front room was used for the display and sale of merchandise; the one in rear was used as a workshop and also for storage of material. The defense asserted is that on June 2, 1942, the premises were so damaged by fire which occurred without appellant's fault or neglect that they became untenantable and unfit for occupancy.

It is conceded that a fire occurred in the premises on June 2, 1942, and it is not seriously disputed that as a result the premises were rendered untenantable and unfit for occupancy. Upon a trial before the City Judge without a jury he so found upon sufficient evidence and rendered judgment in favor of appellant. That judgment was reversed in the County Court and judgment for the unpaid rent, together with costs, directed in favor of respondent. From the judgment of reversal appellant has come to this court.

The applicable statute (L. 1860, ch. 345, now Real Property Law, § 227) dissolved the relation of landlord and tenant between the parties unless the tenant elected that it should continue. The tenant had the right to elect between the alternate choices of surrendering the property or continuing the lease.

In the absence of covenants in the lease requiring it to be done, no obligation rests upon either the landlord or tenant to rebuild. (*Rogers* v. *Atlantic, Gulf & Pacific Co.*, 213 N. Y. 246.)

Upon the destruction by fire of a building occupied by a tenant, the relation between a tenant and his landlord is dissolved unless the tenant elects that it shall continue. A notice to the landlord from the tenant of his intention to surrender is not necessary. The tenant is required merely to surrender as soon as reasonable under the circumstances. (*Fleischman* v. *Toplitz*, 134 N. Y. 349.)

From our interpretation of the opinion of the County Court it seems that the judgment of the City Court was reversed on the theory that sometime after the fire the parties agreed that appellant should continue as tenant. There is no proof in the record which warrants such a conclusion and moreover it is to be noted that the complaint is not based on the theory of any new agreement, but solely on the ground that the lease was in existence.

The trial court also found that appellant removed from the premises within a reasonable time. The rent was paid for the month of June. On the 18th of that month appellant caused to be transmitted to respondent a letter stating in substance that he was surrendering the premises at the end of the month. He actually removed therefrom on that day and the key was delivered to respondent who accepted it without comment except "Thank you."

The judgment of the City Court is sustained by the overwhelming weight of the evidence. The record presents no justification whatsoever for the reversal of that judgment by the County Court.

The judgment of the County Court should be reversed on the law and facts and judgment of the City Court should be reinstated, with costs to appellant in all courts.

All concur.

Judgment of the County Court of Fulton County reversed on the law and facts and judgment of the City Court of Gloversville reinstated, with costs to appellant in all courts.