CRUM ELBOW SPORTSMEN'S ASSOCIATION, INC., Plaintiff, *v.* MATTHEW WHELAN et al., Defendants.

Supreme Court, Dutchess County, February 21, 1947.

*John B. Van DeWater* for plaintiff.

*Elijah T. Russell* for defendants.

GEORGE H. TAYLOR, JR., Official Referee. This is a reference to hear and determine in an action brought for the specific performance by defendants of an alleged contract in writing for the sale of real estate, or, in the alternative, for damages.

The complaint in effect alleges (1) the corporate existence of plaintiff; (2) the ownership in fee by defendants of a farm of 146.8 acres in Hyde Park, Dutchess County, New York, lying on both sides of a certain highway known as Nubb or Knob Street, the part on the northerly side of that street containing about 92.8 acres, and the part on the southerly side thereof about 54 acres; (3) that about July 28, 1944, defendants entered into a valid agreement in writing with plaintiff whereby defendants agreed to sell and plaintiff to purchase that portion of the farm lying on the northerly side of that street and comprising 92.8 acres, and that plaintiff agreed to purchase same for $6,000, and pursuant to the agreement at the time of signing same paid to defendants $200 as part payment of the purchase price; (4) that in the agreement defendants further undertook to execute and deliver to plaintiff a good and sufficient deed of conveyance of the premises within a reasonable time after the execution of the agreement, and plaintiff agreed to pay defendants the balance of the purchase price, $5,800, at the time of the delivery of such deed; (5) that the following is a description of the premises agreed to be conveyed (giving same); (6) that plaintiff duly performed all the terms of the agreement on its part and has always been willing and able to do so; (7) that on September 26, 1946, plaintiff tendered to defendants $5,800 in cash, demanded execution and delivery to plaintiff of a deed of the premises and tendered such a deed to defendants for execution, but that defendants refused and still refuse to execute and deliver it to plaintiff pursuant to the agreement; (8) that plaintiff incurred reasonable expenses in the sum of $100 for the examination of the title; (9) that plaintiff has no adequate remedy at law; and (10) that defendants are unwilling to perform only because they wish to compel plaintiff to pay $7,500 for the premises.

The answer admits defendants' ownership of the farm, places in issue certain material allegations of the complaint, pleads willingness to return the sum of $200 and interest and affirmatively in effect that there was no contract between the parties

orally or in writing, and that the agreement was void within the contemplation of the Statute of Frauds. The defendants also plead laches on plaintiff's part in the bringing of the action.

The facts, either admitted or established by evidence, are and I find them to be as follows: Defendants in 1944 and prior thereto owned the farm in question, 146.8 acres in all, bisected by Nubb or Knob Street. The part north of that highway consisted of 92.8 acres. During June and July, 1944, officers of plaintiff discussed with the defendants the possible purchase by plaintiff of the farm or part thereof. No understanding was arrived at; but defendants at that time handed, for whatever purpose, to plaintiff a blueprint of a survey of the 92.8 acre parcel. Later, on July 28, 1944, oral transactions were had between the same officers of the plaintiff and the defendants, which transactions eventuated in plaintiff's officers' delivering to defendants and the latter's acceptance of a check of the plaintiff drawn on the Poughkeepsie Trust Company to the order of defendants for the sum of $200. On the back of the check in the handwriting of one of plaintiff's officers was indorsed this legend: " As part payment on Farm Balance Balance of $5800.00 to be paid on Delivery of Deed ". This check was accepted by defendants, indorsed by each of them and for them immediately cashed by Mr. Golden, an officer of the plaintiff. In the quoted legend the property to be sold was not described, even generally. In my opinion the blueprint delivered previously in the negotiations may not be considered in determining whether there was between the parties a binding contract for the purchase and sale of real estate. The blueprint was not mentioned in the check indorsements. The blueprint was not signed by anyone. The check does not disclose the name of the purchaser. When considered alone or even with the blueprint, the check indorsement is not a contract in writing to purchase real estate. It constitutes no agreement by anyone to buy any land. There is a suggestion in the indorsement that land is to be sold; but what land is not specified. Manifestly the documents considered separately or together do not bind plaintiff to purchase anything. The alleged contract, therefore, lacks mutuality of obligation. It is wholly void; it did not embrace the whole contract between the parties but left much to be supplied by oral and hence inadmissible proof. (*Mandel* v. *Guardian Holding Co., Inc.*, 200 App. Div. 767; see, also, *Bernat* v. *West Seventy-third Street Corporation*, 230 App. Div. 18, appeal dismissed 256 N. Y. 588.) A memorandum of a contract to purchase real property does not

satisfy the Statute of Frauds unless it describes the premises and identifies by name a seller and buyer. (*Lerand Corporation v. Meltzer*, 267 N. Y. 343.) The contract here is in that category. (See, also, *Irvmor Corp.* v. *Rodewald*, 253 N. Y. 472.)

I should have stated that the plaintiff, before the commencement of this action, tendered the sum of $5,800 to the defendants, who refused to accept it.

In my opinion this alleged contract for the conveyance of real estate is utterly void and unenforcible, first because it lacks mutuality of obligation, and second because it violates the provisions of the Statute of Frauds (Real Property Law, § 259).

Other considerations might be urged in favor of the conclusions of law above indicated and in support of the dismissal of the complaint which I am about to direct; but the foregoing will suffice.

Plaintiff's learned counsel in effect concedes that he has been unable to find in this State a case involving such a check memorandum as is in evidence here. His diligence, however, has disclosed and he cites two check cases from other jurisdictions (*Cousbelis* v. *Alexander*, 315 Mass. 729; *Harper* v. *Battle*, 180 N. C. 375). I have examined these cases. I am respectful of the ruling in each, but they do not in my opinion represent the law of New York in the factual situation herein disclosed. Therefore, I do not follow them. Further, in *Harper* v. *Battle* (*supra*) it appears that after purchaser's check to the order of the seller, which bore the legend ".Payment on Watts Street house ", was indorsed and cashed by the seller, the latter prepared a deed of property describing it, executed that deed and left it with her attorney for delivery to purchaser on receipt of the price agreed upon — a situation not presented in the case at bar.

Complaint dismissed, with $25 costs and taxable disbursements to the defendants. Entry of judgment accordingly is directed. Plaintiff may present requests to find upon which I will pass. Thirty days' stay to the plaintiff after notice of entry of judgment, and forty days to make and serve a case.