FRED A. ROGALSKY et al., Plaintiffs, *v.* WILLIAM J. RYAN et al., Defendants.

Supreme Court, Equity Term, Cayuga County, July 12, 1948.

*Allan H. Treman* for plaintiffs.

*Gleason & Doyle* for defendants.

CRIBB, J. Plaintiffs bring this action in equity court to compel specific performance of a written agreement executed by plaintiff Rogalsky and defendants on the 19th day of June, 1947, whereby Rogalsky agreed to purchase and defendants agreed to sell and convey to him certain therein briefly described farm lands consisting of about 223 acres with two houses and out-buildings. The purchase price was $21,000, of which amount $2,000 was paid to the defendants upon the execution of the agreement. The balance of the purchase price was to be paid "on the closing, which will be as soon as the necessary legal papers can be drawn and submitted to my attorney for a reasonable examination." The offer contained the further provisions: "You are to retain possession of the house in which you live

for five years from the date of closing and rent free. You are also to have the privilege of vacating the premises at any time during the said five year period and without penalty." (The "house" was and is on the lands which were the subject of the agreement.) "All taxes levied at the day of closing to be paid by the sellers and all subsequent taxes and insurance to be paid by the buyer." "Fire insurance premiums are to be prorated at the date of closing." The sellers were to furnish an abstract of title showing the premises to be unencumbered, and sellers to have a good marketable title. There was also the usual provision binding the heirs, executors, administrators and assigns of the respective parties. Subsequently, on the 19th day of June, 1947, plaintiff Rogalsky assigned to plaintiff Cornell University all of his rights and obligations contained in said agreement.

Defendants by their answer admit the making and execution of the contract by the respective parties and the receipt by them of $2,000 on the purchase price at the time of its execution, and the assignment by Rogalsky to Cornell University. They set up, however, three separate defenses. First, that Rogalsky was acting as agent for Cornell University and that he obtained the agreement from defendants through fraud and misrepresentation in that he told them that any "income tax due by reason of gain made by the defendants on the sale would be assumed and paid by the plaintiffs." Second, that plaintiffs have an adequate remedy at law. Third (by amendment of the answer granted at the opening of the trial without opposition by plaintiffs), that the contract is "unenforceable due to incompleteness of essential terms thereof and is void under the Statute of Frauds."

As to the first defense alleging fraud on the part of Rogalsky in obtaining defendants' written acceptance of the offer to purchase, no evidence whatever was offered upon the trial in support of the allegation of fraud, and counsel for defendants made no reference to this alleged fraud in his brief. It is true that plaintiff Rogalsky was acting for Cornell University, but he signed the agreement as a principal and is liable as a principal whether or not the defendants believed him to be acting as agent or principal. He is one of the plaintiffs in this action. The agreement does not fail of its effect though one who is described as principal or who assumes a principal's obligation is in truth an agent only. "The authority of the agent may be shown by parol, and the principal for whom he

acts, * * * may sue and be sued as if his name had been disclosed." (*Irvmor Corp.* v. *Rodewald,* 253 N. Y. 472, 475.) Upon cross-examination Rogalsky frankly stated that he was not authorized by Cornell University *in writing* to act as its agent in purchasing defendants' farm. Counsel for the defendants therefore maintains that the agreement is void under section 259 of the Real Property Law because the agreement in effect grants to the defendants a lease of the house for a period of five years, and that Rogalsky was acting as agent of Cornell University without written authority therefor. Section 259 reads as follows: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." It seems clear that this contention of defendants' counsel is without merit. The offer to purchase was in writing and subscribed by the party to be charged, namely, Rogalsky who signed as principal. It also provided the terms upon which defendants were to occupy the house for five years.

It seems that the second defense set up must fail. Cornell University did not seek the purchase of the Ryan farm for ordinary farming activities, but rather for specific experimental purposes. The testimony discloses that the Department of Agronomy in the State College of Agriculture at Cornell University received an appropriation from the State Legislature to carry on important research in connection with so-called limestone soils for the benefit of some three or four million acres of land lying between Albany and Buffalo; that representatives of the department examined a large area in an effort to locate a farm in reasonable proximity to Cornell University, having sufficient acreage, contours, drainage, types of soil — all as required for the experimental work contemplated — and which could be purchased. Professor Cline testified that the Ryan farm was the only one found meeting all these requirements. This court believes that it would be most difficult, if not impossible, to compensate Cornell University in money damages for the loss it would sustain if defendants failed to convey the farm lands as provided by the contract in question.

There only remains for consideration defendants' allegation that the lease is unenforcible due to the incompleteness of its essential terms, and therefore is void under the Statute of

Frauds. Our courts have held that if a material element of a contemplated contract is left for future negotiations, there is no contract enforcible under the Statute of Frauds (Real Property Law, § 259). Defendant cites several cases to this effect (*Ansorge* v. *Kane*, 244 N. Y. 395; *Mandel* v. *Guardian Holding Co., Inc.*, 200 App. Div. 767; *300 West End Avenue Corporation* v. *Warner*, 250 N. Y. 221; *Bernat* v. *West Seventy-third Street Corporation*, 230 App. Div. 18). All of these cases are distinguishable from the instant case. In the *Ansorge* case (*supra*) the parties never agreed on the sum to be paid on signing the contract. The *Mandel* case (*supra*) involved an option by which it was necessary that a contract be entered into upon terms to which the parties had not yet agreed. *300 West End Avenue Corporation* case related to an agreement to make a lease with terms to be later agreed upon. In the *Bernat* case the memorandum provided that a final contract was thereafter to be made. In the contract now under consideration the only provision which defendants claim to be incomplete or indefinite is the one providing that, " You are to retain possession of the house  *  *  *  for five years from the date of closing and rent free." Defendants assert that this provision definitely contemplates that there was to be a relationship of landlord and tenant, with further terms of that relationship to be thereafter agreed upon, and that subsequent acts and conversations between the parties support their contention. There is nothing in the record which indicates that the parties at the time of the execution of the agreement had in mind that additional terms were to be subsequently agreed upon. The contract was accepted and acted upon by the defendants as is evidenced by a letter from them to Rogalsky July 9th — some three weeks after the contract was executed — asking that the matter be " cleaned up as soon as possible," and then, referring to one of the barns, wrote that it " needs some fixing as you own the Farm now would like to know if you want me to fix it  *  *  *." The testimony shows that on July 28th defendants expressed a desire to close the deal at an early date, and at that time agreed with plaintiffs' attorney that the closing date should be August 4th at 2:00 P. M. The suggestion of having a lease separate from the deed came from defendants' own attorney who stated in substance to plaintiffs' attorney that he preferred to have no restrictions in the deed that might cloud the title for a period of time. He then drafted, in consultation with plaintiffs' attorney, a lease covering the five-year occupancy of the house by

defendants, and this was presented, together with the deed, on the closing date. Upon hearing the lease read the defendant, William J. Ryan, objected to a clause in the lease providing that in the event any of the buildings should be "wholly or partially destroyed by fire * * * lessor shall have no obligation to restore the buildings so destroyed or provide similar buildings for the use of the lessees."

The provisions in the contract of sale relative to defendants' right to occupy the house for five years included all the elements material to a valid lease. In the absence of covenants in a lease requiring it to be done, no obligation rests upon either the landlord or tenant to rebuild. (*Rogers* v. *Atlantic, Gulf & Pacific Co.*, 213 N. Y. 246; *Zimmer* v. *Diamond*, 268 App. Div. 539.) While defendants' attorney suggested that a separate lease be prepared, and plaintiffs' attorney consented to the making of a lease amplifying certain points, such an instrument was not necessary and neither party could have insisted that one be made and executed. Under such circumstances defendants may not be relieved from conveying the premises to plaintiffs pursuant to the contract of June 19, 1947, on the ground that it was incomplete or indefinite as to material and essential terms.

Plaintiffs are entitled to judgment directing the specific performance of the contract as demanded in the complaint, together with costs of this action.

Findings and proposed judgment may be submitted accordingly.