Memorandum: The offer and acceptance was a sufficient memorandum to comply with the statute. Although counsel for the parties prepared a deed without reserving possession of the house, barn and garden to the defendants and covered that part of the agreement in a separate lease, this was unnecessary as the deed itself could have been drawn to reserve defendants’ right to possession in that part of the premises for a period of five years. The fact that the lease was prepared and contained terms objectionable to either party did not affect the original offer and acceptance as that agreement contained the entire contract, and when defendants refused to execute the lease, plaintiffs had the right to fall back upon the original agreement. (Sanders v. Pottlitzer Bros. Fruit Co., 144 N. Y. 209; Newburger v. American Surety Co., 242 N. Y. 134.) Reither should the relief be denied plaintiffs on the ground that the agreement lacked mutuality. Although plaintiff Rogalsky was in fact an agent, he executed the agreement as principal and was bound to perform. The judgment, however, must be modified by reserving to the defendants in the deed to be executed by them the right to retain possession of the house in which they now reside, one small barn in which to store a truck, and one acre of land for a garden, for five years from the date of the deed, rent free. The judgment must further provide that on the execution and delivery of the deed the plaintiff Cornell University shall pay to the defendants the sum of $19,000 as that is the balance of the purchase price of $21,000 as set forth in the agreement, and the complaint in this action demands specific performance only, and does not contain any demand that plaintiff Rogalsky have judgment for his broker’s commissions of $1,000. If defendants refuse to pay the $1,000 to Ragalsky he is left to his remedy at law. All concur. (The judgment is for plaintiffs in an action for specific performance.) Present — Taylor, P. J., MeCurn, Love, Vaughan and Piper, JJ. [192 Misc. 392.]