Pierson B. Hildreth, S.
In this intermediate accounting objectant seeks to establish a claim for $1,410 based upon an alleged breach of a contract between objectant and the decedent to convey real property. The administrator rejected the claim and it has accordingly been tried on the accounting.
Prom the evidence presented it is indicated that the decedent, on June 18, 1955, had entered into an oral agreement with the objectant to convey to her three lots of land for $250. Between such date and August 18, 1956, the objectant paid decedent various amounts at various times on account of such consideration and received receipts for the same from decedent. These receipts in evidence herein, total the sum of $122.50. The objectant also sent decedent a money order for $10 on or about February 15, 1957. The objectant testified that in October of 1958 she tendered an amount which she claims was the balance due the decedent for such lots to decedent’s son and requested a conveyance to herself of such lots. Decedent’s son apparently acted as decedent’s agent from time to time under an informal oral understanding with decedent. Decedent’s son refused the tender, informing the objectant that the lots had theretofore been conveyed to himself by his father.
A contract to convey real property is void unless in writing, ‘ ‘ or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing.” (Beal Property Law, § 259.) The objectant contends that she has established an agreement with the decedent, that the receipts in evidence herein together with other proofs constitute a sufficient memorandum to overcome the accountant’s defense of the Statute of Frauds, and that even if such sufficient memorandum has not been established, that sufficient part performance on the part of both parties to the agreement has been established which would bar the Statute of Frauds as a defense to the agreement.
The writings here in evidence, by themselves, are insufficient to satisfy the Statute of Frauds. Without extrinsic explanation the receipts are vague, indefinite and incomplete as to description *1093 of the property, terms of payment and other material details of the transaction. Furthermore, as the court indicated in (Mandel v. Guardian Holding Corp., 200 App. Div. 767, 770, affd. 234 N. Y. 564): “ It is well settled that parol evidence may not be received to supplement a writing, which in itself is insufficient to satisfy the Statute of Frauds.” Consequently the objectant has failed to establish a sufficient memorandum to overcome the defense of the Statute of Frauds. The only part performance established in this proceeding was the payment by the objectant of part of the consideration to the decedent. However, payment of consideration even up to the amount of the total purchase price does not amount to such part performance as would bar the Statute of Frauds as a defense and would justify a court to enforce the verbal contract. (Cooley v. Lobdell, 153 N. Y. 596, 601.) The claim as presented is disallowed and the objections of the claimant to the account are accordingly dismissed.
Since the proofs indicate that the oral agreement was terminated by the decedent rather than by the claimant, the claimant is entitled to recover back the amounts paid by her to decedent. The proofs indicate these amount to a total of $132.50. Payment to her of such amount out of estate funds herein is therefore allowed.