Ruffin, C. J.
 

 With respect to the tract of land purchased by the executor, the Court can make no conclusive declaration in the present state of the case. We do not even understand the executor, as wishing it to be considered as real estate of the plaintiff’s husband; but, rather, that it should be deemed a part of the factory property, and to be sold and accounted for as personalty, in the stead of the debt, which paid for it. Whether he would have a right to have it thus treated, might admit of doubt; for
 
 prima facie
 
 an executor cannot take land in the payment of debts and his purchases are upon his own account, unless at the election of those entitled to the estate. It does not appear that Absalom T. Humphries made an election, or that he knew the facts, in his life-time. The executor himself, who has since become the executor and residuary legatee of A. T. H. cannot elect to the prejudice of the widow. We cannot tell, what she will elect. This land is not mentioned in the bill at all, but the facts respecting it are found in the answer exclusively; and the plaintiff has not informed us, what she wishes. Unless she should choose to have it treated as a purchase for the benefit of her husband, and, further, to consider it 'as his land in
 
 *272
 
 equity, (so that under the statute she is entitled to dower therein,) no question can arise touching it in the present suit. For, unless she thus elects, then as between Mr. Tate, as the executor of II. Humphries, and her husband and herself, the executor is chargeable to the estate either for the price given by him for this land to his own use, or the land itself would in this Court have the character of personalty, as a part of the joint factory property. In either case, it would be taken out of this course, in which the plaintiff is seeking alone for dower out of the real estate. It is apparently so much more to the advantage of the plaintiff not to treat this interest as land vested in her husband, in which case she would have a life estate in one-third of her husband’s third, but rather as personalty, or as a liability of the executor for the price he gave for it out of the joint funds, in which case she will have absolutely a third of her husband’s third, that we do not anticipate, she will elect to treat it as real estate. But it is possible she may wish to do so ; and if she should, it will be.then time enough to determine whether she can make the election, and the effect of it in this suit. Until she shall elect or offer to elect to treat it as land, it is
 
 prima facie
 
 not so; and therefore the plaintiff cannot for the present be declared entitled to dower in it.
 

 The proceeds of the lands sold by the executor, under a power for that purpose, go also, by the express provisions of the will, to swell the testator’s personal estate, given to his three children. In that form the plaintiff will have the benefit of it in her suit for a distributive share of her late husband’s estate. No profits were received since the death of Absalom T. Humphries from the two parcels sold ; and, the purchaser, by the execution of the power, claims under the will, which created the power, in the same manner as if the devise had been to him ; and therefore the legal title, which descended to the heirs from the testator, was surperseded, and the right
 
 *273
 
 to dower therein, discharged even at law and much more in this Court.
 

 The plaintiff cannot have dower in the land conveyed by Young, according to the agreement between Mitchell and H. Humphries, viewing it either in the light of a mortgage or security for that part of the purchase money which Humphries advanced, or as an estate in fee in H. Humphries subject to the life estate of Mitchell and his wife. It is true, the wife of a mortgagee in fee, after forfeiture, may recover dower at law; but in equity she is subject to be redeemed as the husband’s heir is, because equity considers the mortgagee a trustee for the mortgagor or his personal representative.
 
 Nash
 
 v.
 
 Preston,
 
 Cro. Car. 190. Therefore, when the wife applies in the first instance to the Court of Equity for dower, it cannot be decreed to her upon the score of her legal right, when it is disclosed, that in conscience she cannot keep it. Neither can she have dower in this land in the other aspect in which it may be viewed. For if the instrument between Humphries and Mitchell, which is not laid before-us, be a legal conveyance of a life estate to the latter,, the wife cannot have dower for want of the seizin of the husband; for the right of dower only attaches to the immediate estate of freehold as well as the inheritance, and here the tenant for life was living at the death of the husband. But if the contract was executory, merely, still it would convert the vendor and his heirs into trustees for the vendee of a life estate; and that, in this Court, is deemed the ownership of the land, and, being outstanding, defeats the wife’s dower, in equity.
 

 But of the dwelling-house and lot, and the factory and the lands attached, the wife has, in the opinion of the Court, the right of dower, though she cannot be let into possession as yet, nor have a decree for a share of the profits or rents. An estate for years, prior to the estate of inheritance limited to the husband, does not prevent the seizin of the immediate estate of inheritance by the
 
 *274
 
 husband, and the wife will be dowable of the land, subject to the term.
 
 Bates
 
 v.
 
 Bates,
 
 1 Ld. Ray. 326, Co. Lit. 29, b. 32, a. If rent be reserved on the term, the widow endowed of the reversion is entitled to her share of the rent.
 
 Wheatly
 
 v.
 
 Best,
 
 Cro. Eliz. 564.
 
 Stoughton
 
 v.
 
 Leigh,
 
 1 Taunt. 402. But if the preceding term yields no rent, as when there is a gift by will, for example, to one for a term, remainder to another in fee, the wife of the latter, though she has a right of dower and though it may be assigned her, takes subject to the term, and can neither enter nor receive any profit, till the determination of the term. The same rule applies to all chattel interests in land as well as to terms, strictly speaking.
 
 Park on Dower,
 
 78. Thus, where one devised, that, if his personal estate should not be sufficient for payment of his debts and legacies, his executors should pay them out of the profits of his real estate, and then to his son in
 
 tail,
 
 and the son married and died before the debts were paid ; it was held that the executors had but a chattel interest, and that the wife had a right to dower. Co. Lit. 42,
 
 Hitchen
 
 v.
 
 Hitchen,
 
 2 Vern. 403, Free, in ch. 133. Similar to that is the case here, in respect of the factory and the real estate given with it. It is devised in fee to the testator’s three children, two of whom are infants and were incapable of managing a property of this sort, of which the chief value consisted in the buildings and machinery of a very large cotton factory ; and for that 'reason, the testator intercepted the immediate devise to them by placing the whole property, real and personal, as a joint stock, under the management and keeping of his executor, until his youngest child shall come of age or marry ; and, upon either of those events, he directs the property and all the profits, then accumulated in the hands of the executor, to be divided equally among the children. The title of all the personalty included in this clause was legally in the executor
 
 virtute officie;
 
 and it is manifest that the interest and property of the realty
 
 *275
 
 were intended likewise to be in him for the limited period mentioned, because it is necessary to the power, which the testator bestows on him for conducting the business. It is impossible that it was meant the executor should not have the right of entry and possession, or that any one else, even one of the children, should have that right in exclusion of the executor. In the executor then, as executor, was vested a chattel interest, of which the duration cannot extend beyond the full age or marriage of the youngest child. Therefore the plaintiff has a right of dower therein, but cannot come to the enjoyment for the period prescribed, like it is in a recovery at law with a
 
 cessefexecutio. Co. Lit.
 
 208,
 
 note,
 
 1
 
 P. Wil.
 
 137. Of course she cannot claim, as dower, any of the profits in the meanwhile, for they are not in the nature of rent, annexed in right to the reversion in the land, but they are given directly, as profits in money or other personal form, to the three children, and to be divided with the property itself, and then the plaintiff will have the benefit thereof in a way fully as advantageous to her.
 

 For a similar reason, the plaintiff has a title to dower in the dwelling house and lot. Although the gift of that property to
 
 the son in fee
 
 precedes, in the clause, the disposition in favor of the two daughters and the son himself for a residence, yet the intention requires that their order should be transposed. Then the will would read, that the testator gives his dwelling-house to his married daughter and her family and to his own two infant children, who were then living with the elder sidter, until the youngest child shall come of age or marry; and upon that event he- gives the remainder in fee to the son, who is dead, leaving a widow, and his youngest sister, of the age of 18 now alive and unmarried. It is not stated what family Mrs. Tate then had, further than that she certainly had one son (to whom the plaintiff’s husband devised this house) and may have had others, as she had been married Several years ■; and, at all events, it was understood by
 
 *276
 
 the testator that she might have more. These provisions,, with the gifts of the furniture in the house, and the declaration that no rent shall be payable, create a strong probability, that the testator meant that his family should, during the minority of his younger children, live together as one family, and thence an implication that the gift was to them, and. to? the- survivor of them, for-their, his-or her personal use and enjoyment. But that need not be determined now, since, if such be not the construction, the gift to the three children and the family of one of them did not merge in the remainder given in fee to the son, because it was given as one term to them all. Therefore, if the interest of the so® did not survive to his. sisters by force of the testator’s particular intention, it yet subsists in his executor, yielding, no rent, and therefore the wife must await its expiration. It is. true, that parts of the premises are to be let by the executor, but the rent to be reserved is not incident to. the reversion, of which the plaintiff seeks to be endowed, but goes into the personal estate and is divisible among all the children..
 

 The counsel, for the defendants,, however, took some-other objections, deducible from two of our
 
 statutes'.
 
 The one is,, in reference to the devise of the factory property, that i.t is a devise in joint tenancy, and that the act of 1784. abolishes* the
 
 jus accrescendi
 
 in favor only of the-heir of the tenant first dying, and is silent as to his wife. To this there are two answers.. The first is, that this is not a joint tenancy, but a tenancy in common. The devise is to the three children — “ to be kept together as joint stock
 
 until
 
 Sarah L. shall arrive to 21, and
 
 then
 
 the whole property and its increase shall be
 
 equally divided
 
 between
 
 them
 
 — to
 
 each one-third part”:
 
 which is an express tenancy in common, being a gift of undivided property in distinct shares. The next answer is, that the act of 1784 has two clauses : one, that the part of any tenant dying shall
 
 not go to
 
 the surviving tenant; and the other; that it shall descend to the heir of the tenant so dying;
 
 *277
 
 in the same manner as estates in common. The first is the important provision, being in destruction of the previous right of the survivor; and the second is a natural and mere consequence from it, because the heir must take, if the other does not, since there is no one else on whom the law can throw the inheritance, unless under •the operation of the odious principle of escheat — which was certainly not meant. Then, when the heir takes as heir, the whole interest is necessarily in the ancestor, •and he becomes absolutely tenant of the fee; to which dower is incident and the power of devising. It is to be remarked, indeed, that the argument for the defendants excludes them in this case as well as the wife; for, while ■the act is silent as to the wife of the tenant dying, it is •equally silent as to his devisees, and both Mr. Tate and his son must take in that character, because neither is an heir of the testator, Absalom T. Humphries. It is true, the act does not abolish joint tenancy, nor turn it into a tenancy in .common. But it modifies it as far as this, that upon the death of one of the tenants, it prevents the survivor from taking any thing more than the share he before had, and makes what the dying tenant owned at his death descendible, as if it were a tenancy in common ; which amounts to a several inheritance at his death in each tenant in his share, with all the rights and properties incident to that estate. Of consequence a title to dower arises to the wife, who is so much favored in the law, that her right of dower was put by an ancient maxim upon the same footing with life and liberty.
 

 But another objection is taken, which applies equally to the factory property, and to the dwelling-house, which is, that the dower of the plaintiff is excluded by the previous chattel interests of the executor, and of the three ■children, which prevented her husband from being possessed, though seized, of the premises at the time of his ■death. This objection is founded on the
 
 Revised
 
 Statute,
 
 *278
 
 c. 121,
 
 sec. 1,
 
 which gives a right of dower, that is, “one third part of all the lands, tenements, and hereditaments of which her husband died seized and possessed”: So that, it is said, there must have been both a seizin
 
 and
 
 possession of the husband, to entitle the wife to dower. In the act of 1784, c. 204, s. 8, the disjunctive
 
 or
 
 is used, the words being “seized
 
 or
 
 possessed.” It was never understood in.the profession, why the term “possessed” was introduced into that statute ; as it certainly was not intended, that there should be dower of terms for years, or that the rule of the common law should be abrogated, which makes a legal seizin in the husband sufficient to support a title to dower. Such a construction was not given to the act on either point. On the contrary, it was always held, that the term “ seized” was used in it in the same sense as in the common law touching dower, and that the only effect of the act was to change the extent of the right to dower from a third of the land, of which the husband was seized during the coverture, to a thijd of that of which he died seized. We cannot suppose the legislature intended in the
 
 Revised Statutes
 
 of 1836 to alter the act of ’84 in this respect. The section is printed as being the 8th seotion of the act of ’84, re-enacted without amendment ; and, so far as it relates to dower, it is, leaving out the preamble, a copy from the act of ’84, with the exception of the word
 
 and
 
 instead of
 
 or
 
 in the part designating the lands of which th'e wife shall be dowable. The natural conclusion then is, that it was a mere mistake in copying or printing; and the new act was not intended to be different in this respect from the former, especially in the very important point of excluding dower, where a term for years or any trivial chattel interest precedes the inheritance of the husband and subsists at his death. It cannot be possible, that the legislature, for example, meant to enable the husband to bar his wife’s dower, by making a lease for a year, and keeping it on foot from year to year to his death : which would be a complete
 
 *279
 
 destruction of the right, except at the wall of the husband. Therefore the Court holds, that, notwithstanding the use of the copulative conjunction in the act of 1836, instead of the disjunctive, as in the act of ’84, the recent act should receive the same construction in this respect that was put on the former. In point of law, however, the owner of the inheritance is not only seized, but is said to be possessed, for the purposes of dower and courtesy, when the reversion or remainder is not after a freehold, but after a term for years only. The possession of the tenant for years is the possession of the reversioner. At the time that the titles by dower and courtesy were established, the interest of a termor was so little regarded, as not to form an impediment to the rights or remedies of the reversioner, to which he would be entitled if in the actual possession. This was the foundation of the rule originally, which let in dower and curtesy in such cases.
 
 Park on Dower
 
 78. But even now the possession of the tenant is considered that of the reversioner for most purposes, but that of protecting the interest of the tenant, as, an estate, against the wrong of the reversioner.
 
 Roper on Husband and Wife
 
 861. As we have seen before, a, term did not impede dower; and that is not to be attributed to the rule, that the title to dower attaches to a, legal seizin. For, the same is true of curtesy, though to. that legal seizin is not sufficient, but actual seizin is requisite. If the wife be seized of the inheritance, subject to a term for years, such chattel interest will not prevent, the wife’s seizin of the freehold and inheritance, as required to found the right to curtesy; as the possession of the lessee is the.possession of the wife, as the owner of the freehold and inheritance.
 
 Co. Lit.
 
 29,
 
 a. note
 
 1. Where a woman inherited an estate tail, which was under leases for years, and died before she or her husband had received rent, Lord Hardwicks upon the bill of the husband declared him entitled to the rents in arrear, arid also to curtesy in the estate ; because he considered the
 
 *280
 
 possession of the lessees to be that of the wife, and thus to give her for this purpose the actual, and not the mere legal, seizin.
 
 De Grey
 
 v. Richardson, 3 Atk. 460. If, then, the act of 1836 changed the preceding law, so as to require actual, and not legal, seizin, merely, to constitute a title to dower, there would in this case be that species of possession in the wife, which amounts to .actual seizin, and complies with the letter of the act. But, for the reason before given, the Court .entertains the opinion, that the one act was intended to be taken from the other, and therefore that, notwithstanding this accidental variance, they are to be received in the same sense.
 

 The Court therefore holds, that Absalom T. Humphries’ widow is entitled to dower in the dwelling-house, lot and out-houses, and in the factory land and tracts devised with it. mentioned in the pleadings; but as her husband could not have called for a division, and his enjoyment was temporarily suspended by his father’s will, which gave the enjoyment to others, not rendering rent, she must also wait for the same period before she can •have a decree for the enjoyment of her widow’s estate.
 

 It will be perceived, that the case has been treated as if the provision for the plaintiff in her husband’s will had no effect whatever, after her dissent entered, and as if he had died intestate. It has been thus treated by the Court, because the counsel for the parties presented the case in that manner, and because, with the counsel, the Court has not perceived, that it would make any difference to these parties, whether the provision in a will for a wife is good
 
 pro tanto,
 
 notwithstanding her dissent, or is, upon her dissent, to be disregarded altogether. We have not thought it necessary, therefore, to give any opinion on that point.
 

 Per Curiam.
 

 Decree accordingly