Battle, J.
 

 The petition for dower being a proceeding at law, the question as to the plaintiff’s right will depend upon the title acquired by her husband under the deed executed to him by Willis T. Royster, whether limitations in said deed are in accordance with the directions of the will of Prudence Mason or not. Were the case in equity the court might order the deed to be reformed, if it were found that the trusts of the will were not carried out in the deed for the land which the testatrix directed the plaintiff’s husband to purchase. But here we are bound to take the deed as it is, and to put such a construction upon it as the rules of law require.
 

 The deed is one of bargain and sale, which derives its force and effect from the operation of the statute of uses. It is rather informal, but it is expressed in such terms as ta
 
 *228
 
 enable us to discover the intention of the parties, and that is sufficient to give it validity. 2 Black Com., 298;
 
 Cobb
 
 v. Hines, Bus., 343. This intention is evidently to limit an estate for life in the land to Nancy Royster, the mother of the bargainee, and the remainder to him in fee.
 

 Can this be done in a deed of bargain and sale in which the pecuniary consideration is recited to have been paid by the remainderman ? We think it may. It is well known that the
 
 nodus operandi
 
 of a bargain and sale of land is that the valuable consideration paid by the bargainee raises a use, and then the statute immediately transfers the legal estate. But it is not required that the consideration of value shall necessarily be paid by the bargainee himself. The money or other thing of value may be paid by another person for him.
 

 Thus it is said in the case of
 
 Smith
 
 v.
 
 Smith,
 
 1 Jon. 135: “ that a bargain and sale to B, in consideration of value paid by a stranger for and on account of B, raises the use in B, and the statute carries the legal estate. So if one, in consideration of value paid by A, bargains and sells the land to A for life, remainder to B in fee, it will be intended that A paid the consideration, as well on account of B as for himself.”
 

 It is clear that the principle is the same where the money is paid by the remainderman, instead of the tenant for life, which is the case before us. See
 
 Mildway’s case,
 
 1 Rep., 176, b.
 

 The intendment of the law to which we have alluded is, in the present case, fortified by the fact that the consideration of the deed purports to have been paid by the bargainee as the administrator of Prudence Mason, whose will directs the money to be laid out in the purchase of land, as well for the benefit of the bargainee’s mother as for himself. The mother thus taking as tenant for life, and having sur
 
 *229
 
 vived her son, he was never seized of such an estate in th$ land as entitles his widow to claim dower therein.
 

 The judgment given upon the case agreed must be affirmed.
 

 Pee Curiam. Judgment affirmed.