### MRS. CORA J. HARPER v. MRS. AMANDA LEE BATTLE.

(Filed 17 November, 1920.)

1. **Statute of Frauds—Contracts—Specific Performance—Sufficient Writings—Accepted Checks—Deeds and Conveyances—Equity.**

   Under a parol contract to sell a certain house and lot in a city, a check made to the seller in part payment of the purchase price thereof, with sufficient description of the property, and endorsed and collected by him, is a sufficient writing to enforce the performance of the contract within the intent and meaning of the statute of frauds, as is also a formal deed to the land made and executed by the seller and placed by him in the hands of his attorney or agent, to be delivered to the purchaser upon his performing the conditions imposed upon him by his contract of purchase.

2. **Same—Collateral Controversies.**

   Where the writing is sufficient to enforce a contract to convey lands within the intent and meaning of the statute of frauds, a controversy between the parties as to which one should pay the taxes for the preceding or current year, relates to the meaning of the contract, and not to its existence or validity.

3. **Statute of Frauds—Contracts—Specific Performance—Equity—Time of Performance—Rents and Profits—Court's Discretion.**

   Where the jury has decided with the plaintiff in his suit to enforce specific performance of a contract to convey lands, and as to the time agreed it should be effective, it is not within the discretion of the trial court to disallow the rents and profits to the plaintiff from that date merely on account of some delay in demanding the deed, for he is entitled thereto as a matter of right.

CIVIL ACTION, tried before *Calvert, J.,* and a jury, at March Term, 1920, of DURHAM.

The action is for specific performance of a contract of sale of a house and lot in Durham, N. C., and there was evidence on the part of plaintiff tending to show a definite contract in writing on part of defendant to sell and convey this house and lot on Watts Street in Durham, N. C., at the price of $8,650, the papers to be formally prepared and take effect as of 1 June, 1918, and breach of same by defendant.

There was denial of any valid contract, defendant contending that no sufficient writing had been given, and defendant alleged further and offered evidence tending to show an abandonment by the parties of any contract they may have made concerning the property, before action instituted. On issues submitted there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.

*McLendon & Hedrick and R. P. Reade for plaintiff.*
*W. P. Brogden and J. S. Manning for defendant.*

HOKE, J.   It is chiefly urged for error on the part of the defendant that there was no sufficient evidence of a written contract to convey on her part within the effect and meaning of the statute of frauds; and second, that on the entire evidence, if believed, there was an abandonment of the contract, and the court should have so instructed the jury, but, in our opinion, neither position can be sustained on the record presented.   In reference to the first objection, the pertinent facts in evidence tended to show that in early part of 1918 defendant had agreed by parol to sell to plaintiff her house and lot in the city of Durham at the price of $8,650, one thousand dollars to be paid in cash, and the remainder evidenced and secured by notes and deed of trust on the property, the papers to be prepared and to take effect as of 1 June of said year.   That on 7 March plaintiff drew a check in favor of defendant for $50 in terms as follows:

DURHAM, N. C., March 7, 1918.

THE FIDELITY BANK.

Pay to the order of Mrs. Lee Battle, $50.00.
Fifty and no/100 dollars.
Payment on Watts Street House.

(Signed)   MRS. J. E. HARPER.

That said check was collected by defendant, her written endorsement, "Mrs. Lee Battle," having been made and entered on the check for the purpose.   It further appeared by the admissions of defendant's answer, put on evidence that after making the verbal agreement to sell the house and lot in question, "defendant, on or about 1 June, 1918, executed a deed for the property described in the complaint, and delivered the same to her attorney at Durham, N. C., and at the same time defendant had her attorney prepare a deed of trust describing the property, and notes, all bearing date, 1 June, 1918, for plaintiff and her husband to execute," etc.   On these facts our decisions are to the effect that either the check given in part payment on the bargain, collected by defendant through her written endorsement made thereon, in which the property is described as the "Watts Street House," or the written deed, describing the property, formally prepared by defendant, and left with her attorney for delivery on receipt of the price as agreed upon, is a sufficient memorandum in writing within the intent and meaning of the statute of frauds, and this exception of defendant must be overruled.   *Pope v. McPhail,* 173 N. C., 238; *Vinson v. Pugh,* 173 N. C., 190; *Flowe v. Hartwick,* 167 N. C., 448; *Norton v. Smith,* 179 N. C., 553; *Lewis v. Murray,* 177 N. C., 17; *Bateman v. Hopkins,* 157 N. C., 470.   In reference to the deed, it was held in *Vinson v. Pugh, supra,* "That where a vendor of land has executed a deed reciting the consideration and

expressed in conformity with a parol contract of sale theretofore made, and has given the deed to her agent to be delivered on payment of the agreed purchase price, it is a sufficient writing within the meaning of the statute of frauds." And on the sufficiency of the description as contained in the check, the cases of *Norton v. Smith* and *Lewis v. Murray,* and the numerous authorities therein cited, show that the same is a full compliance with the statutory requirements on the subject.

The second objection is without merit. While there is much evidence on the part of the defendant tending to show an abandonment of the contract by the parties, there is evidence for the plaintiff to the contrary, and these opposing views were submitted to the jury on the issue as to abandonment, and they have determined the matter for the plaintiff. The clear and correct charge of his Honor is in full accord with our decisions on the subject, and we find no reason for disturbing the verdict of the jury on the issue. *Robinet v. Hamby,* 132 N. C., 353-356, citing *Miller v. Pierce,* 104 N. C., 389, and *Faw v. Whittington,* 72 N. C., 321. True, that after making the parol contract of sale, the parties seem to have had considerable discussion as to which of them should pay the taxes for 1918. The agreement being silent on that question, the position taken by plaintiff would seem to be correct, as the taxes became a lien on the property on 1 June. Consolidated Statutes, 7987; Rev., 2864. But however that may be, the difference referred to was only as to the effect and meaning of the contract the parties had made, and in no way involved or affected its existence or validity.

We find no error in the record in defendant's appeal, and the judgment for plaintiff is affirmed.

No error.

### PLAINTIFF'S APPEAL.

HOKE, J. Plaintiff excepts and appeals for the reason that the court declined to allow plaintiff for the rents of the property from 1 June, 1918, the date when the contract was to take effect, the portion of the judgment which embodies the ruling being as follows: "In making the above calculation as to the amounts due by the respective parties, and in considering the suggestion of the defendant that specific performance should not be decreed in this case, the court took into consideration the testimony in respect to the laches of the plaintiff, the increase in the value of the property, and all the other facts and circumstances testified to, and in passing upon the right to specific performance of the contract, considered in its discretion that if specific performance were granted, the defendant should not be required to account for the rents from 1 June, 1918, until demand was made for the deed in July, 1919, and said rents are not included in the amounts above set forth."

It is the accepted position with us that a vendee is entitled to specific performance of a binding contract to convey land. *Combes v. Adams,* 150 N. C., 64, citing in illustration *Rudisill v. Whitener,* 146 N. C., 403; *Boles v. Caudle,* 133 N. C., 528; *Whitted v. Fuquay,* 127 N. C., 68. And when such right is properly established, it must be enforced as the parties have made it, or as far as practicable under existent circumstances. This is a legal or recognized equitable right, and may not be modified or withheld in the discretion of the court merely because of some delay of the claimant to move in the matter, unless such delay be of a kind and extent as to create an abandonment or some recognized legal or equitable modification of the rights under the contract or the remedy to enforce the same. On the facts presented, the jury have established a breach of defendant's contract to convey her house and lot to plaintiff, the papers to be drawn and take effect as of 1 June, 1918, and in the judgment plaintiff has been held to account for interest from that date on the contract price. On an issue submitted, and under a correct charge, the jury have found that there has been no abandonment of the contract by the parties, and the right to specific performance has been established by the verdict as of 1 June, 1918. In such case and under the rules ordinarily prevailing plaintiff is entitled to the rents from the time when by the term of the contract the deed should have been made. We find nothing on the record to justify a modification of plaintiff's rights in the premises. *Combes v. Adams, supra; Miller v. Jones,* 68 W. Va., p. 526; 36 Cyc., 789; 25 R. C. L., 341; Fry on Specific Performance, Fifth Edition, sec. 1147.

In the citation to Cyc. the principle applicable is stated as follows: "The decree should conform to the contract. It cannot add to the contract a promise not made. The court will not make a contract for the parties, but where exact enforcement is impracticable, plaintiff may sometimes have approximate relief in some other which will secure to him the substantial advantages of his contract."

On the facts presented we are of opinion that the judgment should be reformed so as to allow plaintiff for the rents from 1 June, 1918, the day when the deed should have been made, and plaintiff charged with interest from that date on the contract price.

Defendant's appeal, No error.

Plaintiff's appeal, Modified.

Plaintiff allowed rents from 1 June, 1918.