FRANCES A. HELDHAUSER, complainant-respondent,

*v.*

CHARLES SCHULZ, JR., et al., defendants-appellants.

[Argued November 16th, 1921. Decided March 6th, 1922.]

1. The proceeds of the sale of real estate made by decree of the court of chancery in a partition suit, retain the character of real estate for the purposes of distribution.

2. To entitle a wife to dower, the husband must have been seized, either in fact or in law, of an estate of inheritance in the land at some time during the coverture. If the husband have only a reversion or remainder after a freehold estate in another, the seizin is, properly speaking, in that other, and not in him, and, consequently, the wife is not entitled to dower, unless by the death of the intermediate freeholder, or a surrender of his estate to the husband, the inheritance becomes entire in the husband during coverture. And if the husband conveys away his reversion or remainder, either personally or by operation of law, during the continuance of the particular estate for life, his wife thereby loses all claim to dower therein.

On appeal from an order of the court of chancery advised by Advisory Master Bayard Stockton.

*Mr. Fred G. Stickel, Jr.,* for the appellants.

The opinion of the court was delivered by

TRENCHARD, J.

On August 11th, 1908, Barbara Schulz died intestate, leaving her husband surviving her and certain children and the children of deceased children who had died in her lifetime.

The bill in this case was filed by one of her daughters and sought either an actual partition of certain real estate in the city of Newark, of which the mother died seized, or a sale thereof, and a distribution of the proceeds among the heirs-at-law.

The suit resulted in a sale of the premises pursuant to a decree, and an order was made for distribution, by the terms of which a certain part of the purchase-money was ordered paid to Charles Schulz, Sr., the husband of the decedent, and was accepted by him, in lieu of his estate by the curtesy, and the remaining portion thereof was ordered to be distributed among the heirs-at-law in the proportions named in the order, with a provision that these payments were not to be made in the case of married heirs-at-law unless their respective wives or husbands signed a consent to such payment in writing, duly acknowledged.

An appeal from that order for distribution was taken by most of the heirs-at-law, but, meanwhile, all of their respective spouses duly consented to payment excepting the wife of Joseph Schulz,

a son of the decedent, and we are now concerned with his appeal only.

He insists that he is entitled to have his distributive share paid to him without regard to whether his wife consents or not, and we are of the opinion that his position is well taken.

The proceeds of the sale of the real estate retain the character of real estate for the purposes of distribution. *Riley* v. *Riley, 92 N. J. Eq. 465.* Consequently, if the wife of Joseph had no dower interest in the real estate in question, whereof his mother died seized, then as a necessary corollary she had no dower interest in the money derived from the sale thereof.

We think she had no such dower interest.

It is of course apparent that Charles Schulz, Sr., widower of Barbara Schulz, deceased, had an estate by the curtesy in the premises in question, which was an estate in freehold for the term of his natural life. It is also clear that such estate continued and remained in him up to the time of sale, and that their son Joseph (the appellant) was never seized of anything more than an estate in remainder after the particular life estate of his father.

We come now to the consideration of the rights of the wife of Joseph, son of the decedent, in view of the fact that he was seized of a remainder interest only.

To entitle a wife to dower the husband must have been seized, either in fact or in law, of an estate of inheritance in the land at some time during the coverture. This rule is inflexible. If the husband have only a reversion or remainder after a freehold estate in another, the seizin is, properly speaking, in that other and not in him, since he has never had either possession or any present right of possession, and he cannot be said to have had a seizin of any sort, either actual or legal, and, consequently, the wife is not entitled to dower, unless by the death of the intermediate freeholder, or a surrender of his estate to the husband, the inheritance became entire in the husband during coverture. And if the husband conveys away his reversion or remainder, either personally or by operation of law, during the continuance of the particular estate for life, his wife thereby loses all claim to dower therein.

That such is the undoubted rule will be seen by an examination of the cases cited in *Tiff. Real Prop.* 755 § *217*, and *Washb. Real Prop. 169* § *365*. A well-considered case exactly in point is *Durando* v. *Durando, 23 N. Y. 331*. The case of *Cummings* v. *Cummings, '76 N. J. Eq. 568,* upon which the learned advisory master may have relied, is not in point, for there the husband, before marriage, being seized of the fee, granted a life estate only, and the question considered was whether he remained seized of an estate of inheritance so as to entitle his widow to dower, although he died before the determination of such life estate.

The application of the rule stated to the facts of the instant case results in the conclusion that the wife of the appellant had no dower interest in his distributive share, and, hence, the order of distribution, in so far as it required her consent to the payment thereof, was erroneous.

The order will be reversed for the purpose of such modification.

*For affirmance*—PARKER, BERGEN, KALISCH, WILLIAMS—4.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, MINTURN, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK—10.