LEE E. KNOTT v. MRS. ALICE CUTLER.

(Filed 20 September, 1944.)

**1. Specific Performance § 1—**

Specific performance does not follow as a matter of course merely by establishing the existence and validity of the contract involved. It is not a matter of absolute right even though a legal right to damages for breach of the contract may exist, and it may be refused where the defense is not such as would warrant a rescission of the contract.

**2. Same—**

As a general rule, when it appears that a contract was unfairly procured by overreaching or overkeenness on plaintiff's part, or was induced or procured by means of oppression, extortion, threats, or illegal promises on his part, the plaintiff cannot obtain specific performance.

**3. Specific Performance § 1—**

A binding contract to convey land, when there. has been no fraud or mistake or undue influence or oppression, will be specifically enforced; and mere inadequacy of price, without more, will not as a rule prevent the application of this principle.

APPEAL by plaintiff from *Carr, J.,* at April Term, 1944, of BEAUFORT.

This is an action for specific performance, based upon a contract executed by the defendant on 5 May, 1943, for the conveyance of certain real estate in consideration of the payment by the plaintiff of $600.00 to the defendant, at the time of the execution of the contract and the further payment of the sum of $1,700.00 upon the delivery of a good and sufficient deed on or before 10 June, 1943. The contract also provided for the sale and delivery of certain personal property described therein. By agreement of counsel, the title to the personal property will be governed by the right of the plaintiff to enforce the conveyance of the real property described in the contract, by specific performance, and the title to said personal property shall pass under the terms of such judgment as the Court may enter in this action, in the same manner as the land itself.

On 17 May, 1943, the defendant executed a Supplemental Agreement and Bill of Sale, in consideration of $239.06, wherein she agreed to permit the plaintiff the use of a pack house and stables situate upon her lands, until 17 May, 1944, and it is stated in the Agreement that these buildings are located "on the land of Mrs. Alice Cutler which it was not contracted to convey to the said L. E. Knott by contract heretofore entered into." Certain fertilizer, tobacco sticks and other items of personal property were transferred to plaintiff under the terms of this Bill of Sale.

The defendant admitted the execution of both of the foregoing instruments, but alleged and testified she was informed by plaintiff that they were leases and she denied she ever agreed to sell the plaintiff any property, real or personal; that she did not read the contracts but relied upon the plaintiff's representations. She further testified that the checks she received from the plaintiff were in payment of rent on the leased premises and for the use of her personal property, including the pack house and stables.

Issues were submitted to and answered by the jury, as follows:

"1. Was the contract dated 5 May, 1943, and offered in evidence executed by the defendant, as alleged in the complaint? Answer: Yes.

"2. If so, was the execution of the same procured by the fraudulent misrepresentation of the plaintiff, as alleged in the answer? Answer: No.

"3. What was the fair market value of the property described in the complaint at the time the contract sued on was executed? Answer: $5,250.00."

Plaintiff moved for judgment on the verdict, decreeing specific performance of the contract, upon the payment of the balance of $1,700.00 by the plaintiff to the defendant. The motion was denied; whereupon the court signed the following judgment:

"This cause coming on to be heard before the undersigned Judge at the April, 1944, Term of Superior Court of Beaufort County, and a jury, and the issues having been submitted to and answered by the jury at said term as set out in the record, and it having been agreed by counsel for both plaintiff and defendant that judgment might be entered at the May, 1944, Term of the Court of said County, the Court, upon its own motion, finds the following facts:

"1. The plaintiff and the deceased husband of the defendant had business dealings with each other for a number of years prior to the husband's death and the defendant's husband sold most of his tobacco at the warehouse of the plaintiff in Washington, N. C., for several years prior to his death.

"2. The husband of the defendant died 21 May, 1942.

"3. Some time after his death defendant and plaintiff had a conversation in which plaintiff requested of her that if she should ever desire to sell her place that he would like to have the first chance at it.

"4. In the fall of 1942, plaintiff and his partner in business purchased some tobacco from the defendant and sold it at a substantial profit, and, at the suggestion of plaintiff's partner, plaintiff and his partner went to defendant's house and presented her with the sum of $50.00 as a gift, stating to her that they had made some profit on the tobacco and for that reason wanted to present her with such gift.

"5. Except for the business transaction between the plaintiff and the defendant as set out in finding of facts numbers 3 and 4, there have been no business dealings of any kind between the plaintiff and the defendant prior to the negotiations leading to the execution of the contract dated 5 May, 1943.

"6. The defendant rented her land to a tenant for the year 1943, and after the tenant had started preparations for the crop he broke his leg and was unable to continue his work as a tenant on the place, and defendant then consulted with the plaintiff and discussed with him the sale of her property.

"7. Plaintiff is a man of wide business experience, being the owner of farm lands and interested in the operation of a tobacco warehouse and other business enterprises in the City of Washington, North Carolina,

and has a knowledge of the value of farm land in Beaufort County. Defendant is an elderly woman, of little, if any, business experience and has had no experience in the sale or purchase of farm lands and her knowledge of the value of farm lands is very limited.

"8. The defendant, by reason of the dealings she has had with the plaintiff, had utmost confidence in him.

"9. Plaintiff did not make any statements to the defendant as to what a fair price for said property was, but, after discussing the sale with the defendant, plaintiff told her that he would pay her $2,300.00 for the property, and defendant asked him if he could not pay as much as $2,500.00, whereupon he stated that $2,300.00 was as much as he would put in it.

"Upon the issues answered by the jury, the foregoing findings of fact, and upon all the facts and circumstances surrounding the making of the contract, the Court is of the opinion that it would be inequitable and unjust to the defendant to allow the plaintiff's prayer for specific performance of the contract:

"It is, Therefore, Ordered, Adjudged and Decreed by the Court that the plaintiff's prayer for specific performance be denied; that the action be dismissed and plaintiff be taxed with the costs.

LEO CARR, *Judge Presiding."*

Plaintiff appeals, assigning error.

*H. C. Carter for plaintiff.*
*Rodman & Rodman, J. D. Paul, and H. S. Ward for defendant.*

DENNY, J.    It is regrettable that the defendant entered into an agreement for the sale of her property for a consideration less than half of its fair market value.    Nevertheless, neither the jury nor the trial judge found that the execution of the agreement for the sale of the property was procured by the fraudulent misrepresentation of the plaintiff. Therefore, the sole question for our determination is whether or not, under the facts and circumstances disclosed on this record, the plaintiff is entitled to a decree for specific performance, or should he be left to his remedy at law for damages?    The facts certainly do not warrant the cancellation or rescission of the contract in equity.    Do the facts, on the other hand, entitle the plaintiff to a decree for specific performance, under the rules and principles of equity as administered in this jurisdiction?

It is said in 49 Am. Jur., sec. 8, p. 13: "Assuming that the contract in question in an action for specific performance is one of the class of contracts of which specific performance may be granted because of inadequacy of the remedy at law, the granting of the decree of specific

performance is not a matter of absolute right. As the rule is usually stated, the granting of relief by a decree requiring specific performance of a contract rests in the sound discretion of the court before whom the application is made, which discretion is to be exercised upon a consideration of all of the circumstances of the case, with a view of subserving ends of justice. This discretion of a court of equity to grant or withhold specific performance of a contract is not an arbitrary or capricious one, but is a judicial discretion to be exercised in accordance with settled rules and principles of equity, and with regard to facts and circumstances of the particular case. The remedy of specific performance will be granted or withheld by the court according to the equities of the situation as disclosed by a just consideration of all the circumstances of the particular case, and no positive rule can be laid down by which the action of the court can be determined in all cases. . . . Accordingly, the rule is well settled that equitable relief by way of specific performance does not follow as a matter of course merely by establishing the existence and validity of the contract involved. . . . Specific performance is not a matter of absolute right even though a legal right to damages for breach of the contract may exist, and it may be refused even though the defense is not such as would warrant the rescission of the contract." Likewise, it is held in the same authority, sec. 51, p. 66: "As a general rule, when it appears that a contract was unfairly procured by overreaching or overkeenness on the plaintiff's part, or was induced or procured by means of oppression, extortion, threats, or illegal promises on his part, the plaintiff cannot obtain specific performance. These matters need not be of such character as would justify a court of equity in rescinding the contract or a court of law in refusing relief. There is a difference between that degree of unfairness which will induce a court of equity to interfere actively by setting aside a contract and that which will induce a court to withhold its aid. Relief may be denied upon ground that the contract is harsh, unjust, or oppressive, regardless of any actual fraud, and regardless of the fact that the contract is valid."

Should specific performance be denied in this case on the ground that the contract is harsh, unjust or oppressive, regardless of the absence of fraud in its procurement? It must be conceded, we think, that the only evidence of harshness or oppression is the inadequate consideration. And the mere fact that the consideration is inadequate will not warrant a finding that the contract is harsh, unjust or oppressive, unless the inadequacy is so great as to amount to evidence of fraud. 49 Am. Jur., sec. 65, p. 80. *Barnett v. Spratt,* 39 N. C., 171; *Heyward v. Bradley,* 170 F., 325; *Eyre v. Potter,* 15 How., 42, 14 L. Ed., 592. A bad bargain, in the absence of fraud, will not relieve the defendant from the specific performance of her contract. *Rodman v. Robinson,* 134 N. C.,

503, 47 S. E., 19; *Whitted v. Fuquay,* 127 N. C., 68, 37 S. E., 141; *Moore v. Reed,* 37 N. C., 580.

As to when specific performance will be enforced in this jurisdiction, the rule is clearly stated in *Combes v. Adams,* 150 N. C., 64, 63 S. E., 186, where *Hoke, J.,* speaking for the Court, said: "It is accepted doctrine that a binding contract to convey land, when there has been no fraud or mistake or undue influence or oppression, will be specifically enforced. *Rudisill v. Whitener,* 146 N. C., 403; *Boles v. Caudle,* 133 N. C., 528; *Whitted v. Fuquay,* 127 N. C., 68. This last decision being to the effect that mere inadequacy of price, without more, will not as a rule interrupt or prevent the application of the principle." This doctrine or principle has been cited with approval in *Ward v. Albertson,* 165 N. C., 218, 81 S. E., 168; *Thomason v. Bescher,* 176 N. C., 622, 97 S. E., 654; and *Harper v. Battle,* 180 N. C., 375, 104 S. E., 658.

It must be conceded that the defendant made a bad bargain and that the consideration is inadequate, but, since the agreement for the sale of the property was not procured by fraud on the part of the plaintiff, it is a binding agreement, and we believe the ends of justice will be subserved by granting a decree of specific performance. To deny a decree of specific performance in this case would in all probability not be advantageous to the defendant, since she would be liable in damages to the plaintiff for the difference between the contract price and the value of the property. *Rodman v. Robinson, supra.*

This cause is remanded to the end that a decree for specific performance may be entered, in accord with this opinion.

Error and remanded.