IN THE MATTER OF THE WILL OF AMOS GASTON SMITH, DECEASED.

(Filed 25 February, 1959.)

1. **Dower § 3—**

The wife of a devisee of the remainder interest in lands is not entitled to dower so long as the prior life estate created by testator remains in existence, and therefore the devisee may convey his remainder, or it may be conveyed by operation of law, during the existence of the life estate without the joinder of the devisee's wife, and such conveyance divests the wife of the devisee of all claim to dower in the lands.

2. **Vendor and Purchaser § 19—**

Where a consent judgment obligates the life tenant and remainderman under a will to convey lands to the caveator upon the payment of a sum stipulated, it is the duty of the life tenant and remainderman to prepare, execute and tender a proper deed for delivery upon the payment of the sum stipulated, and since the wife of the remainderman has no dower interest in the lands, the fact that she did not sign the consent judgment constitutes neither a justifiable nor a legal excuse for their failure to do so. But even if the wife of the remainderman had a right of dower, the caveator would be entitled to demand conveyance and have the agreed purchase price abated to the extent of the value of her dower.

3. **Judgments § 17d—**

A consent judgment that propounders should execute and deliver to caveator a deed to certain lands upon payment by the caveator of the sum stipulated, does not constitute a transfer of title within the contemplation of G.S. 1-227 and G.S. 1-228, even though such judgment may be sufficient to support an order for specific performance in an action brought for that purpose, and the judgment does not in itself entitle caveator to an order for possession.

4. **Contempt of Court § 3—**

A breach of contract, even though it be embodied in a consent judgment, is not punishable for contempt under G.S. 5-8.

APPEAL by propounders from *Nettles, J.*, August Civil Term 1958 of MECKLENBURG. This case as No. 255 was argued at the Fall Term 1958 of this Court.

Amos Gaston Smith, late of the county of Mecklenburg, died testate

on 25 January 1955. The last will and testament of Amos Gaston Smith, deceased, dated 9 November 1953, in pertinent part reads as follows:

"ITEM TWO. I will and bequeath to my son, Tuttle Gaston Smith, the sum of One Dollar * * *.

"ITEM THREE; I will, devise and bequeath all of my property of every sort, kind, and description, both real and personal * * * to my wife, Rena Goodman Smith, for and during her natural life.

"ITEM FOUR. I will, devise and bequeath unto my son, Vernie Goodman (the said Vernie Goodman, herein described, is my actual son although he is known and described as Vernie Goodman), a vested remainder in fee simple in and to all of my property of every sort, kind and description, both real and personal * * *, subject to the life estate of my said wife as set out in the preceding item."

Vernie Goodman, who was named as executor of the aforesaid will, filed the same for probate before the Clerk of the Superior Court of Mecklenburg County on 24 February 1955 and the same was probated in common form. At the time the caveat was filed on 16 October 1956, neither Vernie Goodman nor any other person had qualified as executor of said will.

The caveator alleged that the execution of the said paper writing and the signature of the said Amos Gaston Smith thereto were obtained by undue influence and at the time of the purported execution of said paper writing the said Amos Gaston Smith did not have sufficient mental capacity to make a will.

When the caveat proceeding came on for hearing, the court entered the following judgment:

"This cause coming on for trial and being heard before the Honorable Zeb V. Nettles and a jury at the January 20, 1958 Regular A Term of the Superior Court of Mecklenburg County, upon the propounders, Vernie Goodman and Mrs. Rena Goodman Smith, having offered a will for probate before the Clerk of the Superior Court of Mecklenburg County and upon a caveat to said will having been filed by the caveator, Tuttle Gaston Smith, and the matter having been transferred to the Civil Issue Docket of the Superior Court of Mecklenburg County upon the issue of *devisavit vel non*, and an issue having been submitted to the jury and answered as follows:

' 1. Is the paper writing dated November 9, 1953, propounded in this matter, and every part thereof, the last will and testament of Amos Gaston Smith? Answer: Yes·'

"And it appearing to the court that all of the parties interested in the estate of Amos Gaston Smith are before the court and have

personally appeared in open court and are over the age of 21 years; and it further appearing to the court, and the court finding as a fact that the parties hereto, Mrs. Rena Goodman Smith and Vernie Goodman, as propounders, and Tuttle Gaston Smith, as caveator, have agreed upon a settlement of said estate of the deceased, Amos Gaston Smith, and have agreed that the property of Amos Gaston Smith, both real and personal, is to be distributed subject to the following terms and conditions; (Then follows eight paragraphs of the agreement as to how the personal property of the testator was to be divided, the amounts the propounders shall pay on the funeral expenses and hospital bills of the testator, and the amounts the caveator shall pay. The paragraphs with respect to the sale of the real estate, of which the testator died seized, to the caveator for $3,500, are set out below.) * * *

"4. That upon the payment of the said $3,500 to the propounders herein, the said propounders, Mrs. Rena Goodman Smith and Vernie Goodman, shall execute and deliver to the caveator, Tuttle Gaston Smith, a fee simple deed for all of their right, title, and interest in and to the real property of Amos Gaston Smith consisting of approximately 49 acres, more or less * * *.

"7. That the terms of this agreement shall be complied with by all parties hereto in not less than 60 days from the date hereof and not more than 90 days from the date hereof."

The court then entered the following decrees:

"It is therefore ordered, adjudged, and decreed that the said paper writing identified as the last will and testament of Amos Gaston Smith be, and the same is hereby declared to be the last will and testament of the said Amos Gaston Smith.

"It is further ordered, adjudged and decreed that the parties hereto, Rena Goodman Smith, Vernie Goodman, and Tuttle Gaston Smith be, and they are hereby directed to comply with the eight (8) enumerated provisions of their agreement as heretofore set out.

"It is further ordered, adjudged and decreed that the said sum of $3,500 to be paid to the propounders herein shall be in the form of a certified or a bank cashier's check payable to Rena Goodman Smith and Vernie Goodman, and that said check shall be delivered to B. Kermit Caldwell, attorney for said propounders and that the delivery of said sum of $3,500 and the execution and delivery of said deed from the propounders to the caveator shall be a simultaneous transaction.

"It is further ordered, adjudged and decreed that if said sum of $3,500 is not paid by Tuttle Gaston Smith to the propounders as pro-

vided herein within ninety (90) days from the date of this judgment, then the propounders shall not be required to transfer said real property to the caveator, Tuttle Gaston Smith."

This judgment was consented to by Rena Goodman Smith, Vernie Goodman, Tuttle Gaston Smith, and by the attorneys appearing for the respective parties.

Tender of a certified check in the sum of $3,500 was made by the caveator to the attorney for the propounders within the time fixed in the consent judgment, but the propounders failed and refused to prepare and tender a deed in accordance with the terms of said judgment. Whereupon, an order was issued to show cause, if any, why the caveator, Tuttle Gaston Smith, should not be given possession of the lands in controversy and why the propounders should not be attached for contempt.

At the hearing on the order to show cause, the respective parties submitted various affidavits and letters from which the court found the pertinent facts and rendered judgment as set forth below:

" * * * that the caveators (sic) tendered to the propounders and their attorney, B. Kermit Caldwell, a certified check in the amount of $3,500 within the 90 days provided in the said judgment and have agreed that they will accept a deed without warranty to the said lands from the propounders; that the propounders have failed and refused to convey their right, title and interest in said property as ordered * * *.

"Now, therefore, it is ordered, adjudged and decreed that the caveators (sic) shall place in the hands of the Clerk of the Superior Court of Mecklenburg County, North Carolina, certified funds in the amount of $3,500 to be held by him until such time as propounders shall deliver to Tuttle Smith a deed as directed in the judgment of January 20, 1958. If the propounders shall deliver such deed to the said Tuttle Gaston Smith, as directed in the order of January 20, 1958, then the Clerk of the Superior Court of Mecklenburg County is ordered to pay to the propounders the said $3,500; and

"It is further ordered that the propounders shall vacate the said 49½ acres of land, and that the caveators (sic) shall be placed in possession of same; * * *

"And it is further found that the propounder, Rena Goodman Smith, is in contempt of this court, in that she has wilfully failed and refused to perform those acts and things directed in the judgment of this court dated January 20, 1958, in that she has failed and refused to execute a deed to Tuttle Gaston Smith of all her right, title and interest in the 49½ acres of land of the estate of Amos Gaston Smith;

that the court reserves, for the time being, judgment for this contempt of court.

"And it is further found that the propounder, Vernie Goodman, is now out of the State of North Carolina and is therefore not subject to the orders of this court."

From the judgment entered the propounders appeal, assigning error.

*C. M. Llewellyn, M. B. Sherrin, Jr., for propounders.*
*Payne & Hedrick for caveator.*

DENNY, J. The propounders' first exception and assignment of error is to the finding of fact that the caveator tendered to the propounders and their attorney a certified check in the sum of $3,500 within the 90 days as provided in the consent judgment; that the caveator has agreed to accept a deed without warranty to the said lands from the propounders; that the propounders have failed and refused to convey their right, title and interest in the property in controversy as directed in said judgment.

The propounder appellants do not contend that the caveator failed to tender the $3,500 within the time required by the term of the consent judgment, but they contend that since their attorney refused to prepare a deed in accordance with the provisions of the agreement set out in the judgment, on the ground that he did not represent the wife of Vernie Goodman, who was not a party to the consent judgment, and that since Tuttle Gaston Smith thereafter presented a warranty deed for the propounders to sign, that the tender was thereby made conditional. We do not so construe the contract. It was the legal duty of the propounders to have a deed to all their right, title and interest in the lands in controversy prepared, executed and ready for delivery to the caveator when he tendered the certified check for $3,500, in accordance with the requirements of the consent judgment. It was agreed that the tender of the certified check and the delivery of the deed would be a simultaneous transaction.

The fact that the propounders refused to prepare a deed as called for in the agreement and incorporated in the consent judgment, because the wife of Vernie Goodman did not sign the consent judgment, constitutes neither a justifiable nor a legal excuse for their failure to prepare, execute and tender a proper deed. *Bethell v. McKinney,* 164 N.C. 71, 80 S.E. 162.

The vested remainder which Vernie Goodman has in the lands in controversy, under the provisions of the last will and testament of Amos Gaston Smith, is not subject to dower so long as the life estate

in the lands held by Rena Goodman Smith, his mother, remains in existence. *Weir v. Humphries,* 39 N.C. 264; *Royster v. Royster,* 61 N.C. 226; *Houston v. Smith,* 88 N.C. 312; *Redding v. Vogt,* 140 N.C. 562, 53 S.E. 337, 6 Ann. Cas. 312; *Thomas v. Bunch,* 158 N.C. 175, 73 S.E. 899; 17A Am. Jur., Dower, section 52, page 321. Therefore, a husband may convey his reversion or remainder either personally or it may be conveyed by operation of law, during the existence or continuance of an estate for life, without the joinder of his wife, and his wife thereby loses all claim to dower therein. *Geldhauser v. Schulz,* 93 N.J. Eq., 449, 116 A 791, 21 A.L.R. 1070, and 28 C.J.S., Dower, section 27, page 88, *et seq.*

Even if the wife of Vernie Goodman had a right of dower in the remainder vested in her husband and should refuse to join in the deed required by the terms of the consent judgment, the caveator, Tuttle Gaston Smith, under an appropriate order for specific performance on the part of the propounders, would be entitled to have the agreed purchase price abated to the extent of the value of Vernie Goodman's wife's dower. *Bethell v. McKinney, supra.*

The findings of fact to which the propounders excepted are supported by competent evidence and the assignment of error directed thereto is overruled.

The second assignment of error is directed to the conclusion of law by the court below that the caveator is entitled to the possession of the premises in dispute.

In our opinion, the consent judgment is not sufficient to constitute a transfer of title within the contemplation of G.S. 1-227 and G.S. 1-228, and we so hold. *Morris v. White,* 96 N.C. 91, 2 S.E. 254; *Skinner v. Terry,* 134 N.C. 305, 46 S.E. 517; *Evans v. Brendle,* 173 N.C. 149, 91 S.E. 723. Even so, the consent judgment, upon the facts found by the court below, is sufficient to support an order for specific performance in an action brought for that purpose. *Combes v. Adams,* 150 N.C. 64, 63 S.E. 186; *Harper v. Battle,* 180 N.C. 375, 104 S.E. 658, 20 A.L.R. 357; *Knott v. Cutler,* 224 N.C. 427, 31 S.E. 2d 359.

The third and final assignment of error is to the conclusion of law that the propounder Rena Goodman Smith is in contempt of court and the entry of judgment to that effect.

We construe the consent judgment entered on 20 January 1958 with respect to the settlement of the estate of Amos Gaston Smith to be nothing more than a contract between the propounders on the one hand and the caveator on the other. The terms of the agreement, incorporated in the consent judgment, with the approval of the court, required Rena Goodman Smith and Vernie Goodman to convey all

their right, title and interest, in fee simple, in the real estate of which Amos Gaston Smith died seized, to Tuttle Gaston Smith: provided, Tuttle Gaston Smith tendered to the attorney for the propounders, within 90 days from 20 January 1958, a certified check payable to Rena Goodman Smith and Vernie Goodman in the sum of $3,500. However, if such check was not so tendered, the propounders were not to be obligated to so convey their right, title and interest in the said lands.

A breach of contract is not punishable for contempt under G.S. 5-8. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345; *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529; *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819.

The order below, insofar as it directs that Tuttle Gaston Smith be put in possession of the lands in controversy, and so much thereof as holds Rena Goodman Smith to be in contempt of court, is

Reversed.