172 So.2d 499 (1965)
SINCLAIR REFINING CO., a corporation, Appellant,
v.
Margaret scott BUTLER, as Administratrix of the estate of Warren E. Butler, Deceased, and J.P. Canington, Appellees.
Nos. 64-487, 64-488.
District Court of Appeal of Florida. Third District.
February 26, 1965.
Rehearing Denied March 23, 1965.
*500 Scott, McCarthy, Preston & Steel and Dwight Sullivan, Miami, for appellant.
Green & Hastings and Irma Robbins Feder, Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
PER CURIAM.
These two cases were consolidated for determination as the final judgments here under review were entered in the same cause of action.
It appears from the record on appeal that one Warren E. Butler took his automobile to a service station owned by the appellee, Canington, [which was leased to the appellant, Sinclair Refining Company, and in turn subleased to Canington who, over a period of years, had permitted other persons to operate the station with the knowledge and apparent consent of Sinclair]. At the time of the incident in question, the defendants Lesley and Harten were the actual operators of the service station. The original arrangements between Canington and Sinclair Refining Co. had commenced in the early 1930's. There was, in fact, a complete offset in the rental provision between the lease from Canington to Sinclair and the return sub-lease (or permit) from Sinclair to Canington. There were also agreements relative to the rental of equipment. These agreements contained certain indemnification obligations which, by their terms, placed the responsibility for maintaining the equipment upon Canington. The evidence indicated that Canington had ceased to operate the service station personally in the early 1940's, and there had been successive operators from that time until the defendants Lesley and Harten ultimately came in control of the station as its operators. It was apparent that the appellant, Sinclair Refining Co., and the appellee, Canington, periodically re-executed their basic agreements as a matter of form, without any negotiations of the terms thereof.
On the date in question, the deceased took his automobile to the service station to have certain repair work done thereon. In connection therewith, it was driven onto a grease rack and raised in the air for the purpose of permitting work underneath. It is clear from the evidence that the automatic locks [to prevent the car from rolling off the rack] did not function properly and had not functioned properly for some time prior to the accident. After the car was in the air and the operator had begun to service it, the car rolled off, crushing the deceased [who was standing behind the rack] to the ground, whereupon he suffered severe injuries which resulted in his being pronounced dead within several hours thereafter. The evidence indicated that, notwithstanding any covenants to the contrary, it had been the practice for many years for the operators of the station to call agents of Sinclair whenever they needed repairs on the equipment [which had been installed on the premises by Sinclair Refining Co.]. In fact, Sinclair had installed the grease rack and the evidence was susceptible of the views that as recently as two weeks prior to the accident Sinclair had been advised that the rack was in need of repair.
The appellee, Margaret Scott Butler [pursuant to the survival statute, § 45.11, Fla. Stat., F.S.A.], instituted the action in the trial court against J.P. Canington, as *501 the owner of the premises; Ralph E. Lesley and Hollis Edward Harten, as the operators in possession; and Sinclair Refining Co., as the supplier of the equipment. Default judgments as to liability were taken against the defendants Lesley and Harten. The defendant Canington filed an answer generally denying liability and a cross-claim against the defendant Sinclair Refining Co., urging a common law indemnity in the event it was liable. Sinclair filed an answer of general denial of liability and a cross-claim against Canington, seeking recovery under the indemnification agreements contained in the basic lease, the sublease permit and the equipment rental agreement. Canington responded to this cross-claim with several defenses, among which was abandonment of the written agreements. Both Sinclair and Canington urged that the deceased was guilty of contributory negligence.
Upon the issues being framed by the pleadings, the matter was tried before a jury which returned a verdict in favor of the plaintiff and against the defendants Lesley and Harten and the defendant Sinclair Refining Co. On the plaintiff's main case, the verdict specifically exonerated the defendant Canington. It also adjudicated no liability on Canington by virtue of the cross-claims. Thereafter, a final judgment was rendered for the plaintiff in accordance with the jury's verdict, and for the defendant Canington on the cross-claim of Sinclair Refining Co.
Subsequent to these judgments, Sinclair instituted an appeal from the verdict and judgment in favor of the plaintiff and from the adverse judgment on its cross-claim against Canington. As to the appeal going to the plaintiff's judgment, Sinclair urged error in the following particulars: 1) The trial court's instructions to the jury on issues of damages, the appellant's duty to inspect and maintain the equipment and premises at the station, the duty to warn about latent and concealed defects, and that the issues of contributory negligence were erroneous in fact and law to the prejudice of the appellant. 2) That the verdict was excessive. 3) The deceased, Warren E. Butler, was guilty of contributory negligence as a matter of law, precluding any recovery by the plaintiff.
We find no error in each of these particulars, as follows: As to the first contention [whether an instruction has been erroneously given or refused] this should be determined by considering it in connection with all other instructions, pleadings and evidence [see: Stanley v. State, 93 Fla. 372, 112 So. 73; Staicer v. Hall, Fla.App. 1961, 130 So.2d 113; Crosby v. Stubblebine, Fla.App. 1962, 142 So.2d 358], and an appellate court will not reverse the trial court if the aggregate charges given are complete, correct, and not likely to confuse or mislead the jury. See: Leonardi v. Walgreen Co., Fla.App. 1962, 146 So.2d 773; Williams v. Scott, Fla.App. 1963, 153 So.2d 18. Having reviewed the instructions given in light of the foregoing, we find no harmful error on the part of the trial court. As to the second contention, it has long been the settled rule that damages in a personal injury action are for the discretion of the jury and, unless the amount awarded is clearly arbitrary or so excessive as to indicate that the jury was influenced by passion, prejudice, corruption or other improper motive, or is so much greater as to shock the judicial conscience, it will not be disturbed on appeal. See: Handel v. Rudnick, Fla. 1955, 78 So.2d 709, 58 A.L.R. 2d 1174; Sproule v. Nelson, Fla. 1955, 81 So.2d 478, 76 A.L.R.2d 1066; Little River Bank and Trust Company v. Magoffin, Fla. 1958, 100 So.2d 626. In reviewing the instant case, we find competent evidence to support the verdict and the amount thereof is not so excessive as to shock the conscience of the court. Lastly, on the question of contributory negligence, the courts have repeatedly held that contributory negligence is normally a question for the jury and only when there is no basis upon which *502 the plaintiff should be permitted to recover by virtue of his own negligence is a court justified in taking a cause from the jury on a plea of contributory negligence. See: Food Fair Stores of Florida, Inc. v. Moroni, Fla.App. 1958, 113 So.2d 275; Fendrick v. Faeges, Fla.App. 1960, 117 So.2d 858; Food Fair Stores, North Dade, Inc. v. Winkelmann, Fla.App. 1961, 135 So.2d 6. A review of the record on appeal in this cause reveals questions of fact warranting the submission of the question of contributory negligence to the jury.
As to the appeal involving the adverse judgment on Sinclair's cross-claim, error is urged in the following particulars: 1) By failing to direct a verdict for the appellant on its cross-claim, when the contracts of lease and equipment rental, which are clear and unambiguous, specifically provide the appellant be indemnified. 2) By charging the jury as to the validity of the contracts, lumping together all six contracts executed by the parties, and thereby prejudicing the appellant as its cross-claim is based on only two of the six contracts.
Undoubtedly, if the parties are bound by the written agreements in this record, the adverse judgment on the cross-claim should be reversed. However, it has long been recognized in the law that the parties to a written agreement may [by their actions] indicate an abandonment of its terms. See: Rosenthal v. Largo Land Co., 146 Fla. 81, 200 So. 233; Kuharske v. Lake County Citrus Sales, Fla. 1949, 44 So.2d 641; 7 Fla.Jur., Contracts, § 165; 17 Am.Jur.2d, Contracts, § 484. It is apparent from the course of conduct of these parties over a period in excess of thirty years that, notwithstanding the written covenants in their agreements and the subsequent renewals of said agreements, there was competent, substantial evidence from which the jury could have found an abandonment of the covenants of indemnity. See: Harper v. Battle, 180 N.C. 375, 104 S.E. 658, 20 A.L.R. 357; 17 Am.Jur.2d, Contracts, § 484.
For the reasons stated above, we find no error in either of the final judgments here under review and, therefore, same are hereby affirmed.
Affirmed.